## IMPLIED ELECTION BY HUSBAND NOT TO TAKE UNDER HIS WIFE'S WILL.

Court of Appeals for Hamilton County.

ISAAC BATES, ADMINISTRATOR, v. JEROME D. CREED, ADMINISTRATOR, ET AL; AND FIVE OTHER CASES.

Decided, July 10, 1913.

*Wills—Commissions Payable to Executors and Administrators—Husband's Course of Conduct Held to Imply Election Not to Take Under Will of His Deceased Wife.*

1. The commissions fixed by statute for executors and administrators is in contemplation of law in full payment for all ordinary services rendered; and where it becomes necessary that an administrator *de bonis non* should be appointed to complete the settlement of the estate, the commissions should be equitably apportioned between the original and succeeding representative of the estate in proportion to the value of the services rendered by them respectively.

2. From facts set forth in the opinion, the court concludes that W. A. McC. did not in fact elect to take under the will of his deceased wife, but must be deemed to have elected not to take under said will.

*William Worthington, Willis M. Kemper* and *Robert S. Fulton,* for Trustees for Colored Industrial School and for Jerome D. Creed, administrator.

*Healy, Ferris & McAvoy,* for Isaac Bates, administrator.

*W. C. Cochran,* for National Woman's Suffrage Association.

JONES, O. B.; J.; SWING, J., and JONES, E. H., J., concur.

These six cases were heard together, as they all related to matters concerning the settlement of the estate of Sallie J. McCall, who died testate March 6, 1909. On March 25, 1909, her husband, William A. McCall, was appointed and qualified as her

executor.  In September, 1909, William A. McCall remarried, his second wife being Mary A. McCall, and upon September 9, 1909, he died intestate and childless.  On September 16, 1909, Isaac Bates was appointed administrator of the estate of William A. McCall.  On October 15, 1909, Jerome D. Creed was appointed administrator of the estate of Sallie J. McCall with her will annexed.  On February 21, 1910, Isaac Bates, as administrator of William A. McCall, filed an account of the latter as executor of the will of Sallie J. McCall.  On March 12, 1910, exceptions to this account were filed by Creed as administrator, and by Frank J. Jones and others, legatees under the will.

On March 29, 1910, before these exceptions had been disposed of, Isaac Bates, as administrator of William A. McCall, filed his petition in Hamilton Common Pleas Court, No. 145181, against Creed, as administrator with the will annexed, and the beneficiaries under the will of Sallie J. McCall, alleging that William A. McCall during his lifetime had made no election of record to take under the will of Sallie J. McCall; that the debts of the estate had been paid by McCall during his lifetime and that it was ready for distribution which he, Bates, as administrator of the deceased executor, was willing and ready to make, and thereupon he asked the advice of the court as to how this distribution should be made.

On June 29, 1910, the probate court disposed of the exceptions to the account filed by Bates, as administrator of William A. McCall, the deceased executor, and settled that account.  Bates took exceptions to this settlement and gave notice of appeal. Afterwards he perfected this appeal and that cause came into the court of common pleas as No. 146011.  At the same time he filed a petition in error which was docketed in the court of common pleas as No. 146010.  On December 30, 1912, judgment was entered in the appeal cause modifying the order of the probate court; on a motion for a new trial this judgmentt was modified on March 3, 1913.  To the judgment as thus modified a petition in error has been filed by Creed as administrator, which is cause No. 49 on the docket of the court of appeals.

Cause No. 145181, being that brought by Bates asking for instructions, resulted in a judgment rendered by the court on March 4, 1911, instructing him that his only duty in the premises was to turn over the assets of the estate of Sallie J. McCall to Jerome D. Creed, the administrator of that estate, and that he, Bates, as the administrator of the deceased executor, had nothing to do with the distribution of the estate of Sallie J. McCall.    To this judgment Bates as administrator prosecuted both error and appeal; the appeal case being docketed as No. 5368, and the error case as No. 5388, in the circuit court.    Mary A. McCall, the widow of William A. McCall, also prosecuted an appeal in this case and her appeal is docketed as No. 5369 in the circuit court.

On June 3, 1911, Jerome D. Creed, as administrator of the estate of Sallie J. McCall with her will annexed, filed his petition in the court of common pleas, docketed there as case No. 148025, alleging that Mary A. McCall, the widow of William A. McCall, claimed that he had not elected to take under the will of Sallie J. McCall prior to his decease and therefore that she as the sole distributee of William A. McCall was entitled to one-third of the estate of Sallie J. McCall, his first wife, which claim was disputed by the legatees under the will; and that other questions had arisen upon which he needed the advice of the court, and thereupon he prayed the court to instruct him as to his duties.    The Colored Industrial School, the principal legatee under the will of Sallie J. McCall, filed a cross-bill in this cause alleging that William A. McCall had as a matter of fact elected to take the provision made for him by the will of his first wife, Sallie J. McCall; and this claim was disputed by answer of both Isaac Bates, as administrator of William A. McCall, and Mary A. McCall, his widow.

Judgment was rendered in it on December 16, 1912, declaring that William A. McCall had not elected to take under the will and giving instructions as to distribution.    From this judgment Creed, as administrator, prosecuted an appeal, docketed as No.

5788 in the circuit court; and the Colored Industrial School also prosecuted an appeal, docketed as No. 5795 in that court.

The first question that presents itself is, the duty of Isaac Bates as administrator of William A. McCall, deceased, executor of Sallie J. McCall, with reference to her estate. Upon the death of an executor or an administrator it becomes the duty, by virtue of Section 10631, General Code, of the probate court to grant letters of administration with will annexed to some suitable person to administer the goods and estate of the deceased not administered, and by virtue of Section 10634 this administrator becomes at once entitled to the possession of the personal effects and assets of the estate unadministered, and it becomes his duty, under Section 10638, to file an inventory of such estate unless in the opinion of the probate court it should not be necessary, and he then proceeds to complete the administration of such estate in accordance with law.

In the estate of Sallie J. McCall, Jerome D. Creed has been appointed such administrator de bonis non with will annexed, and upon his qualification he thereupon became charged with the duty to take possession of the assets of that estate then unadministered and to proceed with the final administration of the estate.

Under Section 10822, General Code, it became the duty of Isaac Bates, as the administrator of William A. McCall, to render a final account of said McCall's administration as the executor of Sallie J. McCall, deceased, within six months after his appointment, and it was his duty to turn over to Creed as administrator de bonis non all assets coming into his hands belonging to the estate of Sallie J. McCall subject only to the payment of proper commissions and fees to which decedent might be entitled as executor. In the opinion of this court, the court of common pleas made an excessive allowance to said Bates, as administrator of William A. McCall, deceased, on account of such executor's fees. In contemplation of law the commissions fixed by Section 10837, General Code, for executors and administrators are to

be received by them in full compensation for all their ordinary services. When by reason of the death of the original executor or because of his resignation or removal, it becomes necessary to have an administrator *de bonis non* succeed him, or for any reason successive administrators are appointed to complete the administration of one estate, it is not intended that the costs of administration should thereby be increased, but the statutory commissions should be equitably apportioned between or divided among the successive executors and administrators in proportion to the value of the services rendered by them respectively in such administration. The ordinary rule is that where there are two such successive officers that the funds allowable for compensation should be equally divided unless the work performed is unequal, and the rule is that one claiming more than such equal proportion must show the reason for such allowance. The work performed by William A. McCall in the settlement of his wife's estate was comparatively small but was all that any executor would naturally have done during the same period. He had secured the probate of the will, obtained letters testamentary thereunder, made publication and notice of his appointment, taken and filed an inventory of the estate, paid the funeral expenses and all claims against the estate except one doctor's bill which is in the hands of the administrator *de bonis non*. He had himself filed no account, but Bates as his administrator has filed such an account for him and must make settlement with the probate court on his behalf. The duties of Mr. Creed as administrator *de bonis non* are correspondingly light considering the size of the commissions; he had already filed an inventory of the estate; will have to settle the income tax; pay the doctor's bill if it is a valid claim against the estate; file his final account; and make distribution of the estate. .

Upon consideration of these respective duties the court is of the opinion that the statutory commissions should be divided equally between the estate of William A. McCall and his successor in the administration of the estate of Sallie J. McCall.

And in figuring this statutory compensation commissions are to be taken upon all of the moneys and personal estate coming into the hands of said executor and said administrator *de bonis non*.

The only services rendered by the counsel of Isaac Bates as administrator of William A. McCall, deceased, with relation to the estate of Sallie J. McCall, for which compensation can be paid out of said estate, are those relating to the preparation and the filing of the final account in such estate on behalf of William A. McCall, the deceased executor. The allowance fixed by the court of common pleas is considered by this court to be excessive. This court is of opinion that an allowance of $750 would be a sufficient and proper amount to pay for all the services rendered by said counsel to the estate of Sallie J. McCall, and that amount is allowed to be paid out of said estate. In fixing this amount the court is of opinion that the other valuable services rendered by distinguished counsel to Isaac Bates as administrator, have been with reference to the estate of William A. McCall, and should be paid from his estate and not from the estate of Sallie J. McCall.

The claim made by Isaac Bates as administrator, that he should retain all such part of the estate of Sallie J. McCall, deceased, as might be distributable to William A. McCall, can not be allowed. It might be in such an administration that all of the personal estate might be consumed in payment of debts and expenses of settlement. The amount of the estate for distribution can not be determined until final settlement of such estate, and for that reason it is provided by law, under the sections above referred to, that it is the duty of the administrator to take possession of the entire estate and make complete settlement before such distribution can be had.

The main question presented for determination is whether William A. McCall did elect by his conduct to take under the will of his first wife, Sallie J. McCall.

It is agreed that no citation was issued by the probate court as provided for in Section 10566, General Code (R. S., 5963, as

it stood at the time of the death of the testator), and he never made any formal election in accordance with the terms of Sections 10570 *et seq.*, General Code. The record shows that he had advised with Mr. Strunk, his attorney, in regard to the matter of election, and had it under serious consideration, but that he had expressed himself as unwilling to decide whether or not he would elect, just before taking the final journey which preceded his death. He had been advised that he had one year from the time of citation within which to decide as to his election, and that when he did elect his election would be made before the probate judge and record would be made thereof in the court. There is nothing in the record to show that he had been advised that any action he might take with reference to the property left by his wife might be construed to constitute an election under the will. It is urged, however, that certain acts did in fact constitute such an election by him. Those most relied on are:

1. That he received rentals from the Fourth street property in which under the will he was given a life estate.

2. That he secured the attachment by agents for different fire insurance companies of "riders" upon the insurance policies.

3. That he occupied the Avondale homestead after the death of Sallie J. McCall, up to the time of his marriage.

4. That he acquiesced in the collection of rents of the Andover Building by the agents for the Colored Industrial School.

5. That he executed a quit-claim deed to the Ohio Humane Society for the Clinton street house.

1. As to the collection of the Fourth street rents there was no other person interested in the matter who would collect the rents if he did not. He signed rent receipts as executor and while he deposited the moneys in his individual account and not in an account as executor, he had in that account at all times a very much greater sum than the total of these rentals and it

is not shown that he ever used any part of them either for his personal use or for the purpose of the estate.

2.   As to the riders on the insurance policy.   In the insurance policy on the Andover Building at Plum and Longworth an endorsement or rider was attached to the policy as follows:

"CINCINNATI, May 17, 1909.

"It is herby understood and agreed that the title of the within described property is now vested in the name of the Trustees of the Colored Industrial School."

This rider was signed by the agent and marked with the number of the policy.   This was secured by Mr. Stark acting for the trustees.   It is questionable whether it would be construed as an assignment of the policy.   It is not the form which should have been used for that purpose.   The endorsement on the policy covering the Eighth street property was as follows:

"CINCINNATI, O., May 24, 1909.

"It is understood and agreed that William McCall has a life interest in the within described property, and loss, if any, shall be payable to him, as his interest may appear."

This was marked with the policy number and signed by the agent.   This was attached to the policy at the request of Mr. McCall, who desired his interest protected.   It is not in the form of an assignment of the policy, and was evidently prepared by the agent as a protective measure for the benefit of Mr. McCall, and was of doubtful value for that purpose.   So far as it relates to the matter of election, it can have little probative force.

4.   There is nothing in the fact that the agent of the Colored Industrial School was permitted to collect the rents of the Andover Building without objection by Mr. McCall.   He had no right to interfere in such collection whether he elected to take under the will or not, as there was an ample personal estate

to meet all debts, and if he declined to elect to take under the will, his only interest in that property would be a dower interest which would not entitle him to the management of the property or the collection of its rentals, but could only be asserted by him by proceedings for assignment of dower under Section 12005, General Code.

5. As to the Clinton street property, his conduct in conveying it by quit-claim deed to the Ohio Humane Society argues against rather than for an election to take. He certainly must have been deemed to have some estate, which doubtless was his dower interest which was carried by this deed. Of course if he had elected to take under the will he would hold no interest whatever in this Clinton street property, and the record shows that the attorney who was passing on the title was indifferent as to whether he should give a quit-claim which would carry all his interest by way of dower or instead file a formal election in the probate court to take under the will. He declined to do the latter, but instead gave the deed.

The court is therefore of the opinion that no act of William A. McCall is shown in the record which would authorize it to find that he had in fact elected to take under the will. But under the terms of Section 10571, General Code, he must be deemed to have elected not to take under the will but to have that portion of his wife's estate given to him under the law. The court therefore finds that William A. McCall is entitled to receive out of the estate of Sallie J. McCall one-half of the first four hundred dollars and one-third of the remainder of her personal estate.

Having found that William A. McCall has not elected to take under the will, his estate is not entitled to the rentals received from the Fourth street property, which amount to $2,500, and the court is of the opinion that under the doctrine of acceleration the trustees of the Colored Industrial School became en-

titled to the Fourth street property at once upon the refusal
of William A. McCall to accept the provisions of the will, and
said trustees are therefore entitled to receive the rentals thereof
from the date of the death of Mrs. Sallie J. McCall.  *Macknet* v.
*Macknet*, 24 N. J. Eq., 277; *Jull* v. *Jacobs*, L. R., 3 Chan. Div.,
711; *Trustees* v. *Borden*, 132 Ill., 144.  This rule is recognized
in *Milikin* v. *Welliver*, 37 O. S., 460; *Holdren* v. *Holdren*, 78 O.
S., 276.

Having found that William A. McCall failed to elect to take
under the will of Sallie J. McCall, the Avondale home and the
household goods therein which had been given to him under
the terms of the will, must be sold by the administrator *de bonis
non* and the proceeds applied for the benefit of the disappointed
legatees whose share might be reduced by reason of such non-
election.

The question remains as to what legatees are affected by rea-
son of such non-election.  The court is of the opinion that the
intention of the testator under Item 13 was that all of the
specific bequests named in her will should be discharged and paid
before the bonds owned by her and the remainder of the stocks
owned by her at her death should go to the trustees for the
Colored Industrial School, Item 13 taking the form in that re-
spect of a residuary legacy.  The bequests therefore made to
testator's cousins, to the National American Woman's Suffrage
Association, and to the other beneficiaries other than said trus-
tees for the Colored Industrial School should therefore be paid
in full out of the proceeds of stocks belonging to said estate,
provided such stocks are sufficient, as apparently they will be,
to make up the full amount of said legacies after the estate of
William A. McCall has been paid the amount that it will re-
ceive under the terms of this decision.

*Bates* v. *Creed*, Nos. 5368 and 5369, are appeal cases, and
judgment will be entered therein to the effect that the admin-
istration of the estate of Sallie J. McCall must be completed by

her administrator *de bonis non* and not by the administrator of her executor.

*Bates* v. *Creed*, No. 5388, is an error case relating to the same matter, and should be dismissed.

*Creed* v. *Bates*, Nos. 5788 and 5795, are appeal cases in which the decree should provide that William A. McCall did not elect to take under the provisions of the will of Sallie J. McCall, and her estate should be distributed as above decided.

*Creed* v. *Bates*, No. 49 Hamilton Court of Appeals, involves the settlement in the probate court, and the allowance of executor's commissions and counsel's fees should be ordered therein as above found.