## ALLOWANCES TO THE EXECUTOR UNDER A WILL WHICH WAS SET ASIDE.

Court of Appeals for Wood County.

THURSTON V. LUDWIG ET AL.

Decided, November 19, 1915.

*Executor—Not Entitled to Expenses in Defending a Will Which Was Set Aside—Apportionment of Commissions Between an Executor Named in the Will and His Successor in Office.*

1. An executor is not entitled to charge the estate for the expense of conducting a defense of the will where it is adjudged invalid, notwithstanding the executor is, by virtue of Section 12080, General Code, a necessary party.

2. In case of the resignation of an executor after he has collected but not disbursed the assets of the estate, and the appointment of a successor to complete the administration, the commissions provided for by Section 10837, General Code, for all ordinary services, should be apportioned by the probate court between the two in accordance with the services performed by each.

*H|arrington & Dunn,* for plaintiff in error.
*E. M. Fries,* for defendants in error.

RICHARDS, J.

Isaac Ludwig died in February, 1906, leaving a written instrument which was afterwards probated as his last will and testament and in which he named as his executor the plaintiff in error, Azor Thurston. Mr. Thurston qualified as executor and served in that capacity for seven or eight years. During about seven years of this period litigation was pending which involved a contest of the will of Isaac Ludwig, deceased, the same being finally determined in the Supreme Court against the validity of the will. After this written instrument was held not to be the valid last will and testament of Isaac Ludwig, the executor named therein, Azor Thurston, resigned and thereupon the defendant, E. M. Fries, was appointed to administer the estate. The estate at the death of Isaac Ludwig amounted to about

$10,500, most of which was in bank or in cash, and of this sum
the executor, with the approval of the probate court, invested
$8,840 in stock of a national bank. This stock since the invest-
ment was made has become greatly enhanced in value.

Upon the resignation of the executor his accounts were filed in
the probate court and on a settlement of the same that court
refused to allow disbursements made by him in the defense of
the will of Isaac Ludwig, deceased, the items, specifically, being
attorneys' fees and the amount paid for a bill of exceptions.
The probate court further held that the executor was not entitled
to any compensation upon moneys received by him which had
not been actually disbursed but remained on hand and were paid
over to his successor. From this decision of the probate court
Azor Thurston appealed to the court of common pleas, and in
that court, on a trial of the case, the same judgment was en-
tered as had been entered in the probate court, and from the
judgment of the common pleas court this proceeding in error is
brought.

The defendants, so far as the disallowance of disbursements
made for the unsuccessful defense of the will are concerned, rely
on *Executors of Andrews* v. *His Administrators*, 7 Ohio St., 143,
where it was directly held that an executor would not be entitled
to charge the estate with the expense of maintaining an unsuc-
cessful defense of a will. On the other hand, it is insisted by
the plaintiff that at the time of the decision rendered in the
case above cited there was no requirement that the executor
should be made a party defendant, while now, by virtue of the
provisions of the statute (Section 12080, General Code), he is
a necessary party in an action to contest a will. The Supreme
Court, however, in the case above cited state, on page 151, that
it has been the general and perhaps uniform practice to make
executors parties defendant, and they further say that, granting
the propriety, and even the necessity, of this practice, it does
not follow that the executor is bound to take upon himself the
burden of the contest.

In *McArthur* v. *Scott*, 113 U. S., 340, the Supreme Court of
the United States had under consideration a case coming from

the Southern District of Ohio and involving the contest of a will which became effective before there was any statutory requirement making the executor a necessary party, and that court, speaking through Mr. Justice Gray, say, on page 404:

"Executors and trustees, appointed by the testator to perform the trusts of the will and to protect the interests of his beneficiaries, are as necessary parties to a proceeding to annul a probate, as the heirs at law are to a suit to establish the validity of a will. And upon a review of the cases no precedent has been found, either in a court of probate or in a court of chancery, in which a decree disallowing a will, rendered in a suit brought to set it aside, or to assert an adverse title in the estate, without making such executors, or an administrator with the will annexed, a party to the suit, has been held binding upon persons not before the court."

We hold that the principle announced by the Supreme Court of Ohio in the Andrews case, *supra*, is still applicable and that no error was committed in the courts below in refusing to allow the executor for amounts expended in the unsuccessful defense of the will of Isaac Ludwig, deceased.

The remaining question concerns the statutory allowance of an executor for the ordinary services rendered by him as such executor. The amount to be allowed depends upon a construction of Section 10837, General Code, which provides, in substance, that executors may be allowed commissions upon the amount of the personal estate collected and accounted for by them, which sum shall be in full compensation for all their ordinary services, the amounts fixed by the statute being six per cent. for the first thousand dollars, four per cent. for the next four thousand dollars and two per cent. for all in excess of five thousand dollars. The probate court and the court of common pleas held that the executor could not be allowed, under this statute, any compensation for services except upon amounts not only collected by him but accounted for, and they construed the expression "accounted for" as disbursed in the administration of the estate. It is apparent from a fair construction of the statute that the amounts authorized to be allowed thereby are intended to be for all ordinary services rendered in the

full and complete administration of the estate, and in that sense the expression "accounted for" does not mean simply entered upon the books and paid over to the successor in office, but it means disbursed in the administration of the estate. It will be noticed that the statute does not require the allowance of the percentages named therein, but provides that those commissions *may* be allowed. The trial court, construing the expression "accounted for" to mean as above stated, reached the conclusion that no compensation whatever could be allowed for amounts which had been collected but not expended in the administration of the estate. If this construction were to be adopted and the executor who has collected the funds of the estate but not disbursed them, should for that reason be deprived of an allowance for ordinary services because he had not accounted for the sums collected, it would, by parity of reasoning, follow that his successor in office should also be refused an allowance because *he* would not have *collected* the sums and therefore would not come literally within the provisions of the statute. This construction would, of course, be unjust to those who serve in the capacity of executors or administrators in the settlement of estates. On the other hand, to hold that an executor who collects but does not account for or disburse in the administration of the estate the funds so collected should be allowed the full statutory compensation, and then on the same reasoning to pay the full compensation to his successor, would work an injustice to the estate. In the opinion of the court neither of these constructions is the true one to be applied to this statute and neither construction is a fair interpretation of the statute. A better interpretation is that the probate court in fixing the compensation for all ordinary services rendered in the settlement of the estate, under this statute, has authority, where an executor has collected but not accounted for—that is, disbursed—the funds so collected in the administration of the estate, to allow a reasonable amount in payment of such services, within the limitation contained in the statute, and of course it would follow that the successor in office of such executor who does not collect but who accounts for and disburses the funds in

the administration of the estate would be entitled to the remaining portion of the compensation.

The statute of the state of New York providing for allowances in such cases is made by its terms to cover ''receiving and paying out all sums of money,'' which means the same as the Ohio statute, which allows compensation for collecting and accounting for the moneys of the estate. Under this statute it was held *In re Accounting of Mason et al*, 98 N. Y., 527, that one-half of the statutory amount should be allowed where the sums had been collected but not paid out.

In *McAlpin et al* v. *Potter et al*, 126 N. Y., 285, 290, the court use the following language:

''A further question is raised over the allowance to the executors of half commissions for receiving the funds of the estate. The law allows a specific rate for 'receiving and paying out all sums of money.' The statute indicates no division of the commissions which should apportion one-half to the receiving and the balance to the paying out, though the courts have allowed it in proper cases. But the allowance here was premature. The bulk of the estate came to the executors already invested and in the form of securities which have not been turned into money. No law justifies the allowance of one-half commissions upon their estimated value in advance of their conversion into money or its equivalent. It was proper enough to allow one-half commissions upon all sums of money received, but until the securities become sums of money, either by conversion into cash or by their acceptance as cash by those entitled, the allowance is premature.''

To the same effect is *In re Hurst's Estate et al*, 97 N. Y. Supp., 697. See also *In re Owen's Estate*, 32 Utah, 469. In this latter case, where the statute provided that an administrator should be allowed commissions on the amount of the estate accounted for by him, it was held that where an estate was administered by successive personal representatives compensation should be apportioned among them according to the services rendered. To the same effect is *In re Estate of Baxley*, 47 Md., 555.

In view alike of reason and authority we hold that a fair interpretation of Section 10837, General Code, requires that in a case where an executor has resigned after collecting, but not disbursing, the funds of the estate in the administration thereof,

and a successor is appointed to complete the administration of the estate, the commissions allowed for all ordinary services rendered by them should be apportioned by the court between the two in accordance with the services performed by each.

It results that the judgment must be reversed and the cause remanded to the court of common pleas for further proceedings in accordance with this opinion.

Judgment reversed.

CHITTENDEN, J., and KINKADE, J., concur.