Jones, P. J.
This case originated in the probate court upon exceptions to the account filed' ’by the executrix in the settlement of the estate of Frank Messang, deceased. It was heard in the common pleas court on appeal, and this error proceeding was brought to review the judgment of the common pleas court disposing of said except tions.
Four questions are presented by the record:
1. Whether the widow was entitled to receive the income of testator’s estate from the date of his *148 death, or whether part of that income, so far as was necessary, was to be used for the payment of testator’s debts.
2. Whether the widow was entitled under the circumstances of the case to receive her year’s allowance.
3. Whether the executrix was entitled to the statutory compensation charged in the account.
4. Whether the counsel fees paid to the attorney for the executrix were excessive.
Frank Messang’s will contained the following items:
“First: I desire that all my just debts and funeral expenses be paid by my hereinafter named executrix.
“Second: I give and bequeath to my beloved wife, Louise Messang, the income of all my estate, real and personal, for and during her natural life.
“Third: Subject to said life estate and the power of sale as- hereinafter- set forth, I give, devise and bequeath all my property, the real estate in fee simple and the personal property absolutely, to my nieces and nephews, to wit: Sallie Hegner Saemann, Lillie Hegner Sargent, Cora Llegner Sargent, Stella Hegner, Frank Hegner, Walter Hegner, William Hegnet and Lawrence Hegner, to be divided equally between them, or their heirs.
“Fourth: I hereby nominate my beloved wife, Louise Messang,, as Executrix of this my last will and testament to serve without bond; and I hereby give her full power and authority to sell without order of court or application thereto, any or all of my property, at public or private sale, and on such terms as to her shall seem best, and to invest and *149 re-invest the proceeds thereof, and in case of the sale of my real estate, to execute and deliver to the purchaser or purchasers proper deeds in fee simple therefor, and the purchaser shall in no case be required to look to the application of the purchase money.”
1. The will. specifically gives to the widow the income of all of testator’s estate, real and personal, for and during her natural life. This bequest entitles her to 'the income from the time of testator’s death.
Plaintiffs in error contend that because under the statute in force at the time of testator’s death a settlement of the estate was not required until eighteen months from that date, the income of stocks and bonds should be accumulated by the executrix and used as a fund for the payment of debts, and the widow under the will was not entitled to receive any income until after the debts had first been satisfied.
■Such a construction would place upon the life-tenant the burden of the entire payment of the debts and costs of administration. This is contrary to the general rule, which is well stated in 40 Cyc., 1882, where numerous authorities in support are cited.
We think under the terms of the will the debts and expenses of administration should be paid out ■of the corpus of the estate, thus throwing the burden not only upon the remainderman but upon ■the life-tenant. The action of the probate court and the common pleas court in overruling this exception was correct; and in that respect the account and judgment are approved.
*150 2. The will does not in any respect undertake to prevent the widow from receiving the year’s allowance provided by Section 10572, General Code. The allowance was duly fixed in accordance with the 'statute at $2,000. No exception has been taken to the amount as thus fixed, or to the. method in which it was determined, but it is contended that because provision was made for the widow by giving her the income of the entire estate it was unnecessary to add to that income for the purpose of her first year’s support.
The case of Collier v. Collier’s Exrs., 3 Ohio St., 369, is conclusive to the effect that, where, as in this case, the will does not otherwise expressly direct, the widow is entitled to such an allowance. The lower courts were therefore right in overruling the exceptions in that respect.
3. In fixing the compensation of the executrix, ■statutory commissions, as provided in Section 10837, General Code, were calculated upon the entire estate. It is objected to by plaintiffs in error, who contend that commission should be allowed only upon the amount of $5,901.67, being •the amount of cash received and disbursed, and that no commission should be allowed upon the stocks and bonds, on the ground that that portion of the estate has not been collected and accounted for by the executrix:.
All of the estate has ttndoubtedly been collected, and, so far as the terms of the will permit, it was entirely accounted for by the executrix. It is true that the account shows that the stocks and bonds-are retained by Louise Messang, executrix, the income of which is to go to her for life under *151 item second of said will. This was a proper and complete settlement at that time. However, after the expiration of the life of Louise Messang it would become necessary — as appears from this record, has now been done — that an administrator de bonis non with the will annexed should be appointed for the purpose of distributing this property to the remaindermen entitled thereto under the terms of the will. To that extent, therefore, the estate of Frank Messang was not entirely settled by the filing of this final account.
As held by this court in Bates, Admr., v. Creed, Admr., 2 Ohio App., 59 (15 C. C., N. S., 433), at page 63:
“When, by reason of the death of the original executor or because of his resignation or removal, it becomes necessary to have an administrator de bonis non succeed him, or for any ’reason successive administrators are appointed to complete the administration of one estate, it is not intended that the costs of administration should thereby be increased, but the statutory commissions should be equitably apportioned, between or divided among the successive executors and administrators in proportion to the value of the services rendered by them, respectively, in such administration.”
The same question was before the court of appeals of the sixth district in Thurston v. Ludwig, 4 Ohio App., 486, 25 C. C., N. S., 298, where the same ruling was made. In the opinion of the court in that case Judge Richards enters into a full discussion of the question, and supports the ruling 'by citations from' other states.
*152 Under this ruling the probate court made an allowance to Louise Messang for the statutory-commission of $1,000, leaving a- balance of such statutory 'compensation $426.48 undisposed of, to be used in meeting the expense of the subsequent administration of the estate by the administrator de bonis non. We think that this ruling of the probate court was proper, and to that extent the decision of the common pleas court in allowing the executrix the entire amount claimed in her final account was erroneous, and to that extent the judgment of the common pleas court should be modified.
4. The remaining question to be considered. is whether $1,200, the amount paid by the executrix to her attorney for legal services rendered in the settlement of this estate was or not excessive. It •is contended by plaintiffs in error that this amount was excessive and unreasonable, and more than such services were fairly worth.
We have -carefully considered the evidence contained in the record in this respect and find that, considering the services rendered and the fact that the estate inventories more than sixty-five thousand dollars, and that its settlement involved -considerable time and attention, the amount allowed must be deemed fair and reasonable and not in excess of the value of the services to such estate. In that respect therefore the judgment of both the lower courts is approved.
The judgment of the court of common pleas is therefore affirmed, except in respect to the matter of the statutory compensation of the executrix, as to which the judgment” of the probate -court is *153 approved rather than that of the court of common pleas.

Judgment accordingly.

Gorman and Hamilton, JJ., concur.