**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1055
_____

JOANNE SCANNO,
on behalf of herself and all other similarly situated,
Appellant
v.

F.H. CANN & ASSOCIATES, INC.


_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-16-cv-05943)
District Judge: Hon. Madeline Cox Arleo
_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 21, 2019
_____

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges*.

(Opinion filed: December 4, 2019)
_____

OPINION[*]
_____


FUENTES, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

This appeal arises out of Joanne Scanno's efforts to recover $27,333 in attorney's fees under the Fair Debt Collection Practices Act ("FDCPA") for a putative class-action lawsuit that was resolved via settlement on an individual basis. Because we are satisfied that the District Court did not err in accepting the report and recommendation of the Magistrate Judge and in granting in part and denying in part Scanno's motion for attorney's fees, we will affirm.

**I.**

In September 2016, Scanno, on behalf of herself, and on behalf of a putative class of others similarly situated, sued F.H. Cann & Associates, Inc. ("F.H. Cann") under the FDCPA for deceptive debt collection practices. After a scheduling conference in February 2017, F.H. Cann moved for leave to amend its answer and, without leave from the District Court, moved to stay proceedings and compel arbitration. Scanno opposed the motion to amend and the District Court stayed briefing on the motion to compel arbitration.

In June 2017, F.H. Cann offered to settle the case for $2,500, inclusive of the maximum statutory award of $1,000, attorney's fees, and costs. Scanno's counsel rejected the offer, stating that "counsel would have received only approximately $1,000, although the attorney's fees alone were $9,250.00 at that time."[1] Three months later, F.H. Cann offered Scanno $4,000 to settle, inclusive of the maximum statutory award, attorney's fees, and costs. Scanno again rejected the offer, noting that "the attorney's

_____
[1] App. 63.

2

fees alone were $17,100" because counsel had spent additional time opposing F.H. Cann's motion to amend and researching issues related to the motion to compel arbitration.[2] Days after, the parties settled the matter on an individual basis for the same, maximum statutory award of $1,000 and agreed that Scanno would submit a motion for reasonable attorney's fees.

Thereafter, Scanno filed her motion, seeking attorney's fees in the amount of $27,333. The District Court referred the motion to a Magistrate Judge, who issued a report recommending that the District Court grant in part and deny in part the motion, and reduce the fees award to $10,418. The District Court adopted the report and recommendation and awarded attorney's fees in the amount of $10,418. It found that Scanno's counsel rejected a settlement offer in June 2017, only to reach the same resolution months later, and that counsel's "significant experience" litigating FDCPA cases rendered "certain billing entries . . . excessive."[3] This appeal followed.

## II.[4]

"We review the District Court's attorneys' fees award for abuse of discretion 'which can occur if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'"[5]

---

[2] App. 64.
[3] App. 15–16.
[4] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.
[5] *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 299 (3d Cir. 2005) (quoting *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727 (3d Cir. 2001)); *see also Hensley v.*

3

## III.

Under the FDCPA, a prevailing plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court,"[6] and "in a typical case . . . the court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees."[7]

In arriving at a reasonable fee, courts "must start by taking the amount of time reasonably expended by counsel for the prevailing party on the litigation, and compensate that time at a reasonable hourly rate to arrive at the lodestar."[8] Although "the lodestar amount 'is presumed to be the reasonable fee' to which counsel is entitled,"[9] the District Court may reduce the fee award "to account for . . . limited success" on the merits of the claim or for other factors, such as the experience of counsel and the complexity of the legal issues involved.[10] In addition, the District Court should exclude hours that are "excessive, redundant, or otherwise unnecessary."[11]

---

*Eckerhart*, 461 U.S. 424, 437 (1983) (noting that the "district court has discretion in determining the amount of a fee award").

[6] 15 U.S.C. § 1692k(a)(3).

[7] *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991). "In general, a reasonable fee is one which is 'adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys.'" *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (quoting *Student Pub. Interest Research Grp. of N.J., Inc. v. AT&T Bell Lab.*, 842 F.2d 1436, 1448 (3d Cir. 1988)).

[8] *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000).

[9] *Id.* at 243 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)).

[10] *Hensley*, 461 U.S. at 430 n.3, 436–37.

[11] *Id.* at 433–34.

4

Scanno first challenges the District Court's conclusion that she had only limited success on the merits of her case, arguing that her total recovery, including attorney's fees, increased from June 2017 to September 2017.[12]

The reasonableness of the fee award on the merits of the case is clear from the District Court's reasoning. The District Court observed that, in June 2017, Scanno rejected a settlement offer which allowed her to recover the maximum statutory award of $1,000, only to incur twenty-five hours of additional legal services and accept the very same offer three months later. Scanno's rejection of the June 2017 settlement offer appears to have been driven primarily by counsel's independent belief that the offer did not account for all attorney's fees incurred since the commencement of the litigation.[13] Even considering that Scanno's counsel brought this suit as a class action, the case was ultimately settled on an individual basis with no change in Scanno's recovery from the June 2017 settlement offer. Therefore, we cannot say that the District Court abused its discretion in reducing the lodestar by fifty percent.[14]

---

[12] The parties do not dispute that $500/hour is a reasonable hourly rate for Scanno's attorney's services.

[13] Indeed, counsel concedes that the $1,000 maximum statutory award "was likely the same amount that [Scanno] would have received had she accepted the June 15, 2017" offer. Appellant Br. 16.

[14] *See Hensley*, 461 U.S. at 436–37 (noting that district courts have the discretion to "reduce the award to account for . . . limited success"); *see also Paz v. Portfolio Recovery Assocs.*, 924 F.3d 949, 955–56 (7th Cir. 2019) (concluding that the district court did not abuse its discretion in substantially reducing attorney's fees in an FDCPA action where counsel rejected a settlement offer above the maximum statutory award, proceeded to trial despite a slim chance of success, and ultimately recovered only $1,000 in statutory damages).

Scanno also challenges the District Court's sixty percent reduction of the lodestar regarding the preparation of the fee petition, arguing that time spent on the fee petition was not excessive and that she had more than limited success on the petition. We disagree.

This Court has held "that the fee reduction rationale of *Hensley* . . . applies by force of the Court's reasoning to fees generated in the litigation of a fee petition, and compels us to treat the fee petition litigation as a separate entity subject to lodestar and *Hensley* reduction analysis."[15] Here, the District Court properly reduced the lodestar by sixty percent for time spent preparing the fee petition because the amount of time billed was excessive given counsel's "significant experience in this field."[16]

Accordingly, we find no abuse of discretion in the District Court's reduction of the fees sought in preparation of the fee petition.

**IV.**

For the reasons stated above, we will affirm the District Court's order granting in part and denying in part Scanno's motion for attorney's fees, and awarding total attorney's fees and costs in the amount of $10,418.

---

[15] *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 924 (3d Cir. 1985).
[16] App. 16; *see Maldonado v. Houstoun*, 256 F.3d 181, 187–88 (3d Cir. 2001) (reducing number of hours claimed in preparing fee petition due to excessiveness). Further, although not explicitly relied upon by the District Court, we find no error in the Magistrate Judge's conclusion that Scanno had limited success on the fee petition.