NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2715
_____

ERIC BAYDA,
Appellant

v.

HOWMET CASTINGS & SERVICES, INC.;
ARCONIC, INC.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cv-17419)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 12, 2021
_____

Before: McKEE, RESTREPO, and FUENTES, *Circuit Judges*.

(Filed: June 29, 2021)
_____

OPINION*
_____

FUENTES, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eric Bayda appeals an order of the District Court dismissing his complaint under Federal Rule of Civil Procedure 12(b)(6). We will affirm.

## I.

Bayda alleges that when he interviewed for a job as a human resources ("HR") manager at Howmet Castings & Services, he was told that his predecessor, Pilar Gilgorri, continued to work in HR but had stepped down from the manager position for "personal reasons," including that she was "at a stage in her life where she did not need the stress of a manager's job."[1] After accepting the job, Bayda learned that Gilgorri had stepped down as part of the settlement of a harassment complaint against the plant manager. Bayda alleges that the terms of this settlement made it difficult for him to supervise Gilgorri and to carry out his other responsibilities. Bayda was let go less than a year later because "it was not working out."[2]

Bayda sued Howmet for one count of common-law fraud, asserting theories of fraudulent misrepresentation and fraudulent concealment, claiming that he never would have taken the job if he had known the alleged real reason for Gilgorri's stepping down. The District Court granted Howmet's motion to dismiss but allowed Bayda leave to amend and then granted Howmet's motion to dismiss the amended complaint with prejudice.

---

[1] App. 57 (quotation marks omitted).

[2] App. 61 (quotation marks omitted).

II.[3]

To state a claim for fraudulent misrepresentation under New Jersey law, Bayda

must plausibly allege that: (1) Howmet knowingly made a material misrepresentation; (2)

Howmet intended Bayda to rely on the misrepresentation; (3) Bayda reasonably relied on

the misrepresentation; and (4) resulting damages.[4]  He must satisfy Rule 9(b)'s

heightened pleading standard, requiring that fraud claims be "state[d] with particularity."[5]

The District Court correctly found that the complaint lacked plausible allegations

that the person who interviewed Bayda, Tera Grinnell, knew her statements were false at

the time of the interview.  Aside from conclusory statements that Grinnell had the

requisite knowledge, the amended complaint alleges that Grinnell was the Director of HR

and informed Bayda about the settlement approximately two months after the interview.

These allegations are insufficient to create an inference that Grinnell had knowledge that

her statements were false.[6]

More fundamentally, Bayda fails to allege any misrepresentation of fact.  New

Jersey recognizes fraud claims brought by former employees arising from

---

[3] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review and apply the same standard as the District Court.  *Bell v. Cheswick Generating Station*, 734 F.3d 188, 193 n.5 (3d Cir. 2013).  "[W]e must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff." *Id.*

[4] *U.S. ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 318 (3d Cir. 2019) (citing *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)).

[5] Fed. R. Civ. P. 9(b).

[6] *See Suarez v. E. Int'l Coll.*, 50 A.3d 75, 85-86 (N.J. Super. Ct. App. Div. 2012).

"misrepresentations which induced them to accept a position with [an] employer" where the employer makes statements that are contrary to past or present facts.[7] Here, Grinnell's statements that Gilgorri stepped down for "personal reasons" and due to "the stress of a manager's job" are hardly susceptible to only one meaning, and the complaint lacks factual support for its allegations that those statements were not true.[8] On the contrary, the statement that Gilgorri stepped down for "personal reasons" should have made clear to Bayda that Howmet was in fact not disclosing the precise nature of those reasons because they were "personal"—meaning private—to Gilgorri. The amended complaint therefore fails to state a claim for fraudulent misrepresentation.

The real thrust of Bayda's claim is Grinnell's omission of information about the settlement during the interview. Under New Jersey law, an omission "in the face of a duty to disclose may constitute a fraudulent concealment."[9] Where, as here, there is no presumed fiduciary relationship, the law imposes a duty to disclose only if a party, "in entering the transaction, expressly reposes a trust and confidence in the other or, because of the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence is necessarily implied."[10]

---

[7] *McConkey v. AON Corp.*, 804 A.2d 572, 585-86 (N.J. Super. Ct. App. Div. 2002) (finding evidence supported fraudulent inducement claim where company gave assurances that it was not presently engaging in efforts to restructure itself when it was doing exactly that).

[8] App. 57 (quotation marks omitted).

[9] *United Jersey Bank v. Kensey*, 704 A.2d 38, 43 (N.J. Super. Ct. App. Div. 1997).

[10] *Id.* at 44 (alterations omitted).

Bayda premises Howmet's duty to disclose on this kind of implied trust, but, as the District Court found, the amended complaint does not contain any factual allegations supporting an inference that such trust existed. Conclusory statements that Bayda "reposed a trust and confidence in Defendants" need not be accepted as true.[11] The fact that Grinnell asked Bayda whether he would be comfortable with Gilgorri's continuing to work in HR and reporting to him does not give rise to a plausible inference that Howmet "implicitly encouraged Bayda to trust" that the information provided was complete.[12] We decline to impose an affirmative duty to disclose where, as here, the parties act "at arms-length, . . . in their own interest."[13]

III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[11] App. 58; *see Allen v. DeBello*, 861 F.3d 433, 437-38 (3d Cir. 2017) ("[W]e disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements.") (quotation marks omitted).

[12] Bayda Br. 25.

[13] *Kensey*, 704 A.2d at 45 (quotation marks omitted).