### CUSTOM WITH REFERENCE TO BROKERS' COMMISSIONS.

Court of Appeals for Hamilton County.

THE METROPOLITAN BANK & TRUST COMPANY V. NEWCOMB & JENKINS.

Decided, June 21, 1913.

*Custom and Usage—Not a Sufficient Basis for Claim for a Commission for Leasing Property, When—Action by Brokers for Recovery of a Commission.*

The custom of a locality with reference to commissions for leasing property is not binding on a property owner who has no knowledge of such custom, and an action does not lie for recovery of such a commission where it is not based on a contract, expressed or implied.

*Bode & LeBlond,* for plaintiff in error.
*C. J. McDiarmid,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The action below was brought to recover a real estate commission for the securing of a lease on rooms used by a Chinese restaurant. The evidence shows that one of the members of the firm of real estate agents made the acquaintance of two Chinamen who were seeking quarters for a high-class restaurant in Cincinnati and proceeded to try to find suitable quarters. Noticing that the rooms above defendant's bank were unoccupied, inquiry was made of the cashier of the bank as to whether they were for rent and the terms. The agent introduced himself to the

cashier by handing him the card of his firm, showing they were real estate agents.

There is no testimony in the record to show that at any time any conversation was had between plaintiffs and defendants indicating that a commission was to be charged the bank for the securing of a tenant for it, and the attitude of the plaintiff throughout the transaction appeared to be as representatives of the lessee. The lease was finally consummated, and plaintiffs seek to collect the commissions fixed by the rule of the real estate exchange of which they are members, claiming that the rule of the real estate exchange has created a custom of the locality, upon which they are entitled to rely.

The record shows that this custom was not known to Mr. Morrison, who represents the bank, nor was it brought home to any officers of the bank during any of the negotiations. Objections were made to the introduction of proof as to the custom, unless knowledge was shown by the defendant of its existence. We are of the opinion that it was error in the court below to allow such evidence to be introduced, there being no evidence sufficient to establish an implied contract between the parties.

There is no question but that plaintiff did represent the lessees; and that being the case, if they assumed to represent—as they claim in this suit they did—the lessor, then, it was error in the trial court to refuse the special charge which was asked by defendant before submission to the jury, which was as follows:

"A real estate broker who assumes to act for both parties can not recover compensation from either party, even on an express promise, until it is clearly shown that each party had full knowledge of all the circumstances connected with his employment by the other which would naturally affect his action and had assented to his double employment."

See cases of *Bell* v. *McConnell*, 37 O. S., 396; *Capener* v. *Hogan*, 40 O. S., 203.

Plaintiffs, however, rely upon a contract with defendant. The record fails to show that any contract was entered into by plaintiff with defendant, either express or implied. A motion was made by defendant at the close of all the evidence for an instructed

verdict in its favor, and this court is of the opinion that it was error in the court below to refuse said motion.

The court therefore is of opinion that the judgment below should be reversed, and that judgment should be entered here for plaintiff in error.