Jones, Oliver B., J.
Plaintiffs in error seek to reverse the judgment obtained against them in the common pleas court by the defendant in error, who was plaintiff below,'ifor damages done to her shade trees standing inside the curb line in front of her property upon a street in the village of Amelia.
Plaintiff in errpr Charles Pommert was the contractor with said village for the stringing of wires for supplying electric light both for lighting the streets and for commercial purposes in lighting the homes of its residents. Plaintiff below, Anna M. Hicks, claimed that in stringing these wires her shade trees had been unnecessarily, heedlessly, recklessly and maliciously cut and trimmed in such manner as to injure the beauty, health and probable life of the trees", and thus to damage her property.
There is no dispute as to the fact that the shade trees in question were the property of plaintiff, and that they had stood in the street in front of her property, for many years and were highly desirable for the purpose of shade and in adding' beauty to the appearance of the property. The record shows that the trees were very severely cut, many large limbs being taken *134 out of the centers and tops of the trees, and that great injury was thus occasioned to them. It is contended, however, on the part of defendants, that all of the cutting that was done was necessary for the purpose of the proper stringing of the electric light wires.
Under Section 3618, General Code, the village has authority to establish, maintain and operate a municipal lighting plant and is empowered to determine the plan and method of its distribution. The stringing of wires upon poles in the streets is a usual method of conveying the current necessary for such lighting, and was the one adopted here, although other plans could have been used which would not have required any trimming of trees.
Our supreme court has recognized the property rights of the abutting lot owner in trees and shrubbery in front of his property and within the lines of the public highway. (Phifer v. Cox, 21 Ohio St., 248, and Daily et al. v. State, 51 Ohio St., 348.) The village has, however, the power, by virtue of Section 3630, General Code, to regulate the planting, trimming and preservation of shade trees in the streets and highways.
On behalf of plaintiffs in error it is contended that the council of the village has absolute discretion as to what constitutes an obstruction in a street, and that whenever a shade tree becomes such an obstruction in the opinion of council the village has the right to cause its removal, and, therefore, that the village had the right to determine that it was necessary to trim and cut off all that portion of plaintiff’s shade trees necessary to provide a free area within which to string the *135 necessary wires for the light plant; that only such trimming had been done by the village and its contractor, and that therefore plaintiff below was not entitled to recover.
In support of this claim of absolute discretion upon the part of the village officials counsel rely upon authorities such as Chase v. Oshkosh, 81 Wis., 313; Tate v. Greensborough, 114 N. Car., 392, and Vanderhurst v. Tholcke, 113 Cal., 147. Other cases leave the matter of necessity as a question of fact to be determined by the court and not arbitrarily by the officials of the municipality. Frostburg v. Wineland, 98 Md., 239, and Everett v. Council Bluffs, 46 Ia., 66.
In the case of Newcomerstown v. Dickenson, 14 C. C., N. S., 191 (affirmed 77 Ohio St, 597), it was determined that the officers of the municipality have no right to destroy shade trees in front of the property of an abutting property owner, unless their removal becomes necessary for street purposes. The question of this necessity was passed upon by the court, and a judgment rendered in favor of the property owner for damages because of the destruction of his shade trees was sustained.
In Massillon v. Huff, 14 C. C., N. S., 193, the question was left to the jury whether the contractors and the city engineer in the construction of the improvement of the street must of necessity have destroyed the trees, or whether the doing of the same was an unnecessary and wanton violation of plaintiff’s rights, for which he might recover.
*136 These cases would indicate that the declaration of- council as to the necessity of the trimming of plaintiff’s trees would not necessarily be final. A court could undoubtedly consider the facts in order to determine whether or not such official discretion had been abused, even if its existence to the extent claimed by defendants below were conceded. But in the case here presented by the record there was no determination by council as to the necessity of trimming plaintiff’s trees. On the contrary, whatever, action was taken by council was simply to grant to the village contractor, Mr. Pommert, as called for in his proposition to string the wires, a “free tree trimming privilege.” The record fails to show any consideration by the council itself of what trimming was necessary or any order requiring any of the trees in question to be trimmed. And Mr. Pommert, the contractor, likewise failed to give any directions in regard to any specific tree. Pie simply bought four saws and placed them in the hands of his linemen, enjoining them, as he says, to do no more trimming than was necessary. Thus we- find that if the absolute discretion is vested in council they failed to exercise it, undertaking to devolve their rights 'in the matter entirely into the hands of their contractor, who in turn simply relied upon the good sense • and discretion of his men, he himself not being present while most of this work was being done.
The evidence shows that the jury were justified in 'finding that unnecessary trimming had been done and that plaintiff had been thereby damaged. Although plaintiff’s trees were the only ones trimmed in the stringing of the wires, no *137 malice was shown in the matter, but a recklessness of her rights which seems inexcusable. And while the evidence might be considered unsatisfactory in fixing accurately the extent of this damage, the judgment as finally entered is fully supported by the evidence.
A careful examination of the record fails to show that there was any prejudicial error committed by the trial court either in the refusal of any of the special charges requested by defendants ' or in the general charge, which fairly' submitted the case to the jury; nor do we find any other prejudicial error shown by the record.
A point is made by plaintiffs in error that no claim for damages was filed under the provision of Section 3830, General Code, before suit was brought. This section has been construed by the supreme court in Ironton v. Weihle, 78 Ohio St., 41, and would not apply to such claim as is presented in this case.
The judgment will therefore be affirmed.

Judgment affirmed.

Jones, E. H., P. J., and Gorman, J., concur.