Shields, J.
The judgment of the court below is sought to be reversed in this case on the ground that the court erred in sustaining a general demurrer to the petition of plaintiff.
In his petition, after alleging the official relation of the defendants to the city of Canton and his. appointment as patrolman in the police division of the city and his service therein long prior to February 3, 1919, having then served as such patrolman for more than six months, the plaintiff alleges that on February 3,1919:
“By reason of ill health unfitting him physically for duty at the time, he was on said day granted by E. W. Hamaker, then director of public safety of said city a leave of absence from duty as a patrolman until such time as the plaintiff should become physically fit to resume his duties in the public service, such leave of absence being made effective February 1, 1919; that thereupon the plaintiff, under such leave of absence, temporarily discontinued active service in said police department of the department of public safety of said city and went and continued upon the leave of absence granted as aforesaid until April 7, 1921, at which time it was certified by the examining physician of the civil service commission of said city that the plaintiff had become again physically fit for police duty; that thereupon the defendant on April 7, 1921, reported to the defendants Milton J. Braucher as director of public *35 safety and William F. Gauchat as chief of police, for active duty, and requested that he be forthwith assigned to duty as a patrolman in the police division of said city, but that notwithstanding the plaintiff on said April 7, 1921, and on each and every date since that time has duly reported for duty and has tendered his services as a patrolman and requested assignment to duty the said defendants have failed and refused to accept the services of the plaintiff or to assign him to duty, but on the contrary have prevented him from performing his duties and have excluded and declared their intention of continuing to exclude the plaintiff from his office and employment as patrolman in said police division.”
He further alleges that he has never resigned or been removed from his office or employment as such patrolman, nor ever been in any manner separated or retired from such office and employment except upon such leave of absence, and that he is entitled to be restored thereto, and to receive the emoluments thereof, and that the action of the defendants in excluding the plaintiff therefrom is wholly without warrant or authority of law and contrary to the laws regulating the employment and removal of officers and employes in the classified civil service of the city. He further says that he was appointed to and employed in the classified civil service without definite tenure of office, but to serve during good behavior, and was and is removable only for cause. Reference is also made to the adoption by the civil service commission of that city, under the civil service act, of the rule that whenever any employe in the classified civil service is discharged, laid off, reduced, or suspended, he shall be furnished with a1 copy of the order of discharge, lay off, reduction or *36 suspension, with the reasons therefor, and be given a reasonable time in which to make and file an explanation, all of which was denied the plaintiff, and the assertion is made that defendants have gone forward and wrongfully appointed another to take plaintiff’s place and position in such police division.
The prayer of the plaintiff is that the defendants, the civil service commissioners, herein named, be enjoined during the pendency of this cause from certifying or approving the pay roll of the police division until the name of the plaintiff has been placed thereon and the name of the person wrongfully appointed to plaintiff’s position has been excluded therefrom; that the director of public safety and the chief of police be enjoined from further interfering with or preventing the plaintiff from discharging his duties as patrolman, or excluding him therefrom, and that they be commanded and enjoined forthwith to restore and assign the plaintiff to duty in such police division and to the pay roll thereof.
A demurrer was filed to the petition by the defendants on the ground that the same does not state a cause of action in law or equity, which demurrer was by the court sustained, and, the plaintiff not desiring to further plead, judgment was rendered against him for costs, to all of which plaintiff excepted. He now files his petition in error in this court to reverse the judgment.
Without stopping to comment on the object or public benefits of the civil service act, and the classification of the positions or employments embraced in what is termed the classified and unclassified service of that act, it is conceded that the plaintiff in error was in the classified list. Going directly to the question raised by the demurrer, was or was not *37 the plaintiff in error in the service of the city of Canton on April 7,1921, when he recovered from his ill health and when he reported for duty and tendered his services and requested to he allowed to resume his duties as patrolman in the police division of said city? If he was, he is entitled to the relief prayed for, otherwise such relief should he denied him.
Section 486-16, General Code, provides in part:
“Any person holding an office or position under the classified service who has been separated from the service without delinquency or misconduct on his part may, with the consent of the commission, be re-instated within one year from the date of such separation to a vacancy in the same or similar office or position in the same department.”
It is upon the construction of this portion of that section that the question made depends. On behalf of the plaintiff in error it is contended that the provisions of the section do not apply to the case at bar, but “relate to complete and permanent separation from the service such as results from resignation or the abolition of a position.” We do not so construe the statute. If the view urged was in contemplation by the legislature when the act was passed, the inquiry might well be made why it is that one may “be re-instated within one year” who has not been guilty of delinquency or misconduct. True, a voluntary resignation from the service might not place one beyond the pale of restoration to the same or similar position, with the consent of the commission, under an application properly made within the period of limitation named in the section, but such a case is not before us. Here the case made is as if by mandatory injunction to require the director of public safety and the chief of police to restore the *38 plaintiff to the position of patrolman in the police division of the city, and to the emoluments of the position, after an absence of two years or more under an alleged indefinite leave of absence granted by the then director of public safety. No application for an extension of leave of absence appears to have been made to or granted by the commission or other proper authority during this. time. As held by the supreme court in Green v. State Civil Service Commission, 90 Ohio St., 252, the civil service commission has power to make, amend and enforce rules and regulations for carrying into effect the provisions of the civil service act; but we apprehend it will not be contended that such delegation of administrative power is not subject to the provisions of the legislative will as contained in the provisions of that act and that the exercise of such power can exceed the authority expressly conferred by the act. Hence, we naturally turn back to examine the contents of the leave of absence granted the plaintiff in error upon which his counsel contend that he is justified in law and equity in relying and by reason of which he is entitled to the relief here sought. No reference was made in argument of counsel to the rules of the municipal commission, but Section 47 of the provisions of the city ordinance relating to the payment of three months regular salary to disabled policemen was referred to, which was perhaps passed pursuant to the authority conferred by Section 486-14, General Code. That a temporary leave of absence for sickness or other cause may be granted under Section 486-16, General Code, we entertain no doubt, and that such leave of absence would within the limitation of time named therein not be a separation from the service as contemplated *39 by that section is equally apparent, but we find no warrant in tbe section or elsewhere authorizing the granting of an indefinite leave of absence to any officer or employe in the classified service.
To say the least, such exercise of power would render nugatory and defeat the action of the commission in filling vacancies as provided by Section 486-14, General Code, independent of the express provision contained in Section 486-16, General Code. But counsel for plaintiff in error add: “Since Officer Hartman neither resigned nor was removed but still continues on the roster, under leave of absence, as. shown by the civil service commission, which is admitted by the demurrer, therefore he is still in- the service and entitled to be restored to duty and to the pay roll.” That is to say, under the leave granted, that officer, although off duty for more than two years, and who might by the same logic have remained off duty two years or even ten years more, may still claim the right to be restored to duty and to the pay roll at the end of such period. Sickness naturally awakens sympathy, and it appears that the case here presented is one which appeals to humane consideration, but however much we might naturally be inclined to listen to such appeal we cannot disregard our obligations of duty to the law by giving a construction to the statute in question which in our judgment is unwarranted by its terms. As already stated, the plaintiff in error was off duty for two years and more, and made no application for a renewal of a leave of absence during that time. Bid such absence work a separation from the service as contemplated by Section 486-16, General Code? "We think that the limitation of one year specified therein clearly defines the period for which a leave *40 of absence may be granted, and that any leave of absence granted in excess of such period constitutes an actual separation from the service and is unauthorized by the terms of that section.
In its charity the civil service law, impliedly at least, indulges a reasonable allowance in point of time as fixed by the legislature for disability occasioned by sickness or other cause, but the observance of public interest forbids an indefinite and unlimited leave of absence from official duty and compensation therefor. “Public office is a public trust,” and while conditions are liable to overtake the incumbent of an office which he can not control, and for which due allowance should be made, still after the lapse of a reasonable time personal disability must yield to public convenience. Quoting from counsel’s brief, “a city government must function; a police department must exist, vacant offices must be filled and no man has the right to claim a lien on an office unto infinity.”
For the reasons given, we are of the opinion that the action of the court of common pleas in sustaining the demurrer to the petition was proper, and the judgment of the court is affirmed.

Judgment affirmed.

Patterson and Houck, JJ., concur.