34        OHIO APPELLATE REPORTS.

Walton *v.* C., M. & B. Trac. Co.        [17 Ohio

WALTON *v.* THE CINCINNATI, MILFORD & BLANCHES-
TER TRACTION CO.

*Streets and alleys—Rights of abutting owners—Mandatory in-
junction—Removal of electric light poles—Streets and resi-
dential lighting—Wires for other purposes.*

A public utility maintaining poles and wires in the streets of
a village, under a franchise authorizing the erection of
poles in the streets and alleys for the purpose of carrying
electricity to furnish street and residential lighting, will
not be compelled, by mandatory injunction, to remove
poles in front of an abutting property owner's premises
where the poles carry wires furnishing current for street
and residential lighting, although such poles also carry
wires for another purpose, where such other purpose does
not impair the abutting owner's property to any appre-
ciable extent, it being conceded that the poles and wires
do not interfere with abutting owner's light, air, ingress
or egress, or extend over that portion of his property
not dedicated to sidewalk uses.

(Decided December 4, 1922.)

APPEAL: Court of Appeals for Clermont county.

*Messrs. Murphy & Joseph,* for plaintiff.
*Mr. Alvin H. Hodges,* for defendant.

BUCHWALTER, J.    This action is for a manda-
tory injunction to compel the defendant to remove
two electric light poles which are located between
the sidewalk and curb on High street in the
village of Milford, and in front of the plaintiff's
premises.

It appears from the evidence that the Cincinnati
& Columbus Traction Company operated an in-
terurban line through the village of Milford, and

OHIO APPELLATE REPORTS.                35

App.]          Walton v. C., M. & B. Trac. Co.

maintained the two poles in question, on which were located two high tension wires, for the purpose of conducting electricity from Perintown to Madeira; that the Cincinnati & Columbus Traction Company, on or about January 1, 1920, abandoned its franchises, and sold its equipment, rails, poles, wires, etc., to Joseph Joseph & Brother, of Cincinnati, who were junk dealers; that Joseph Joseph & Brother in turn sold the poles and wires thereon, located in the village of Milford, to the Cincinnati, Milford & Blanchester Traction Company. Prior to this purchase, the Cincinnati, Milford & Blanchester Traction Company had secured a franchise from the village of Milford to erect poles on the streets, alleys, etc., of the village, for the purpose of carrying electricity to furnish street and residential lighting.

After purchasing such poles and wires the Cincinnati Milford & Blanchester Traction Company used the two high-tension wires to conduct electricity from Cincinnati to be used for lighting certain villages other than Milford. No current conducted over these wires was used in the village of Milford for any purpose, prior to the bringing of this action. After suit was filed, other cross-arms were attached to such poles, and four additional wires installed, for the purpose of furnishing light to some of the residences of Milford, and also for street lighting for that village. At the time of the hearing these additional wires were being used for that purpose, and plaintiff's residence was lighted by electricity supplied from one of these wires.

The question to be determined is whether or not the Cincinnati, Milford & Blanchester Trac-

36    OHIO APPELLATE REPORTS.

Walton *v.* C., M. & B. Trac. Co.    [17 Ohio

tion Company can maintain these poles and wires, under and by virtue of its franchise from the village of Milford, without having first secured from the plaintiff, either by agreement or by condemnation, the right to place the poles in front of her property. In other words, should she be compensated in damages, if damage be proven; or has she the legal right to compel the removal of such poles?

It is conceded that the poles and wires do not interfere with plaintiff's light, air, ingress or egress, nor do they extend over that portion of her property not dedicated to sidewalk uses.

It is contended, under the rule laid down in *Callen* v. *Columbus Edison Electric Light Co.,* 66 Ohio St., 166, 179, that plaintiff is entitled to a mandatory injunction, requiring the removal of the poles. But in that case the lighting was wholly for private purposes, and no street or city purpose was contemplated:

"The electric lighting by defendant is not of the streets and for the city; it is wholly for private use; hence it is a private purpose and is not a street purpose in any aspect of it."

It was also held therein that even the maintenance of such poles for private purposes must work injury to the property, appreciable in character and amount, in order to warrant an injunction.

In the instant case, street lighting is now a part of that service. It may be that there was an added burden, because of the residential lighting and high-tension current carried, but this does not change the fact that the poles are used partly for street lighting.

The reasoning in the opinion of Judge Richards

OHIO APPELLATE REPORTS.                37

App.]          Walton *v.* C., M. & B. Trac. Co.

in the case of *Huss* v. *Toledo Railways & Light Co.,* 25 C. C., N. S., 44, seems to apply to this case. It is a question of the purpose. If used for street lighting and other purposes, and those other purposes do not impair plaintiff's property to any appreciable extent, then such use should not be enjoined.

We do not pass upon the question of whether or not damages may be recovered for such use or burden. As to damage to shade trees, that question has been passed upon by this court in the case of *Village of Amelia* v. *Hicks,* 7 Ohio App., 132.

From the evidence, we are of the opinion that no such additional burden as would warrant the issuance of an injunction is cast upon the plaintiff's property as a result of additional wires and current used for private purposes.

The mandatory injunction prayed for in the petition herein will be denied.

*Injunction denied.*

HAMILTON, P. J., and CUSHING, J., concur.