## CLARK v. BLACK.

*Landlord and tenant—Holdover tenant from year to year—
Cannot exercise option to purchase, when.*

A tenant who holds over after the expiration of a lease for
years thereby becomes a tenant from year to year, and
where, after the expiration of a term as holdover tenant
from year to year, the lessor accepts no rent or taxes from
the tenant, and in no way acquiesces in allowing him to
continue as a tenant for another year, a tender on the part
of the tenant of the purchase price named in the original
lease for years under the option to purchase clause is not
binding on the lessor.

(Decided May 7, 1923.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Kelley & Remke,* for plaintiff.
*Messrs. Rogers & Simmonds,* for defendant.

BY THE COURT. On November 19, 1906, John
Reese and wife executed a lease to James Morford,
his heirs and assigns, to the farm here in contro-
versy, for a period of three years. The lease as
executed was on the perpetual lease form, and
was duly recorded. The rent named was sixty dol-
lars per annum, the lessee to pay taxes, etc.
There was a privilege of purchase clause which
provided that having performed all covenants stip-
ulated the lessee at any time after six months
from the date of the lease, and during the con-
tinuance of the lease or any renewal thereof, could

---

Landlord and Tenant, 35 C. J. §§ 189, 295 (Anno.).

purchase the property for the sum of two thousand dollars.

On December 4, 1908, Morford assigned the lease to Milton Clark, plaintiff herein, who has occupied the farm since that time.

The lease did not contain any provision for renewal at the option of the lessee, but after the term of three years had expired Clark continued to occupy the farm, paying the rent and taxes for a number of years.

In 1913 Reese sold the farm to John A. Black, defendant herein. Not all of the rent had been paid, some repairs had not been made as provided in the lease, and there is testimony to the effect that Clark notified Black that he would give up the property on October 17, 1922. Black leased the premises to another tenant, and then brought an action against Clark in forcible entry and detainer before a justice of the peace.

After the forcible entry and detainer suit was filed Clark made a tender of two thousand dollars, in January, 1923, but did not make any tender of the rental which was in arrears. He asked for a deed to the property.

It is admitted that no written instrument was executed by the parties renewing the lease, and no notice was given by Clark of any intention to renew.

The plaintiff bases his right to maintain this suit on the theory that by holding over there was a renewal of the lease for a term of three years; that when that period was up, and Clark again held over, he was entitled to another three-year term, etc.; that the holding over, after November

19, 1921, and the later acceptance by Black of rent and taxes, continued the lease originally given to Morford, and assigned to Clark, for a period of three years from November 19, 1921; and that Black could have elected at the termination of any of these three-year periods to have treated the lessee, Clark, as a trespasser, could have refused to accept the rent, and then, if Clark refused to vacate, could have enforced his rights in an action in forcible entry and detainer, but that, having allowed Clark to remain in after November 19, 1921, and having accepted rent and taxes thereafter, there was a renewal of the lease until November, 1924.

The original lease had expired November 19, 1909.

When Black secured title to the property, the rental was $120 a year, and not $60, as provided in the original lease, and it is claimed that a verbal contract was entered into at that time. The basis of the claim of plaintiff, however, is that he held under implied renewals of the original lease.

It has been repeatedly announced as the rule in Ohio that tenants who hold over after an expiration of a lease for years, thereby become tenants from year to year. This question was determined by this court in *City of Cincinnati* v. *Schmidt*, 14 Ohio App., 426. Other cases in which this same point has been determined are: *Moore* v. *Beasley*, 3 Ohio, 294; *B. & O. Rd. Co.* v. *West*, 57 Ohio St., 161; *Moore* v. *Harter*, 67 Ohio St., 250; *Hopkins* v. *Carroll*, 11 C. C. (N. S.), 605, and *Gladwell* v. *Holcomb*, 60 Ohio St., 427.

The term of Clark, therefore, as a tenant from year to year, expired on the 19th day of November, 1922, after which time the defendant did not accept any rent or taxes from him, nor in any way acquiesce in allowing him to continue as a tenant for another year. The endeavor to make a proper tender of the purchase price named in the original lease, in January, 1923, could not have been binding on the defendant.

It is further contended that an allowance should be made for the improvements which were placed on the property by the plaintiff during his tenancy.

We do not consider that the equities are with the plaintiff in this contention. There was no agreement for removal of anything placed on the land.

It is to be noted also that the petition asks for specific performance by conveyance of the property to the plaintiff, with a release of dower, and yet the wife of the defendant is not a party either to the action or to the alleged lease.

From the record as presented we are of the opinion that the equities of the case are with the defendant.

A writ of restitution will be granted to the defendant and possession awarded clear and free of any claim of the plaintiff.

*Decree accordingly.*

CUSHING, BUCHWALTER and HAMILTON, JJ., concur.