THE CINCINNATI TRACTION CO. v. KLINKENBERG, ADMX.

*Negligence—Automobile and street car collision—Questions for jury—Contributory negligence of driver remaining on track—Failure of motorman to stop car—Verdict for wrongful death not manifestly against weight of evidence—Evidence—Earnings of decedent exclusive of investments.*

1. Contributory negligence of driver of automobile in failing to turn off street car track and motorman's negligence in failing to stop *held* for jury.
2. Verdict for death of driver of automobile struck by street car, *held* not manifestly against weight of evidence.
3. In action for death, widow was properly permitted to testify relative to deceased's earnings, where there was nothing to show that any part was derived from money invested.

(Decided February 8, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Leo J. Brumleve, Jr.,* for plaintiff in error.
*Messrs. Galvin & Bauer* and *Mr. Bert H. Long,* for defendant in error.

BUCHWALTER, P. J. The action was for damages

for wrongful death.  Plaintiff recovered a judgment against the traction company in the court of common pleas, and the cause is now here, on error, to reverse that judgment.

In the petition it is averred that the plaintiff is the duly qualified administratrix of the estate of Otto G. Klinkenberg, who was instantly killed on October 24, 1920, as a result of a collision between an automobile driven by him and a street car of the defendant company.

Plaintiff claims negligence in that the agents of the defendant company, now plaintiff in error, failed to have the street car under proper control; that the same was being operated at an excessive rate of speed, to wit, 50 miles an hour, in violation of the ordinances of the city of Cincinnati; that the agents of the company failed to give any signal or warning of the approach of said street car; and also that they failed to keep a proper lookout.

The answer of the defendant admits the appointment of plaintiff as administratrix, and admits its corporate capacity, but denies generally all the other allegations of the petition.  Further answering, defendant avers that the decedent's death was the result of the sole negligence of the deceased, in driving his automobile at a high and unlawful rate of speed, driving on the wrong side of the street, in driving directly into said street car, and in the failure to keep a proper lookout.

The reply filed by the plaintiff denies all the allegations of the answer, which were not admissions of the allegations in the amended petition.

The cause was submitted to a jury, and a verdict

returned for the plaintiff. The motion for a new trial being overruled, judgment was entered on the verdict.

The errors complained of and stressed in the argument and brief of plaintiff in error are:

(1) That the trial court erred in the refusal to grant the defendant's motion to direct a verdict, at the close of all the evidence.

(2) That the verdict is manifestly against the weight of the evidence.

(3) That the trial court committed error in permitting plaintiff to prove the gross earnings and profits of the business conducted by plaintiff's decedent, at the time of his death.

The deceased, Otto K. Klinkenberg, who was seated at the left, was driving his automobile along Harrison avenue toward Cincinnati. With him was a Mr. Coleman, who was also sitting on the front seat, at the right of Mr. Klinkenberg. There was a single car track in the center of this portion of Harrison avenue. The automobile was proceeding up a slight grade, with the left wheels running in the portion of the street between the rails, and the right wheels outside of the rail. A street car, belonging to the defendant company, was proceeding in the opposite direction, down a slight grade. The automobile had been turned to the right, the front wheels having cleared the track and the left rear wheel of the automobile still being between the rails when the collision took place. It was dark, and lights were burning on both the street car and the automobile.

An examination of the record discloses that there was testimony that the deceased had his attention

called to the approach of the street car, and that
he immediately started to turn off the track, at a
point approximately 200 feet away from the street
car.    There was also testimony to the effect that
the street car was coasting at an excessive rate of
speed.

Evidence was introduced to show that the road-
way was clear, and it is contended that the deced-
ent should not have been traveling in that part of
the street where there were car tracks.   This was
a single car track, in the center of the street.
There seems to be no reason why the decedent
was negligent in traveling in this portion of the
roadway, or was thereby violating any of the pro-
visions of the ordinance.   The only question is
whether or not he attempted to turn out in sufficient
time, as an ordinarily prudent man would, to clear
the track before the approach of the street car.
Two hundred feet, half a standard city block,
would seem to be sufficiently far away, in which
to attempt to make such turn, if the car was
being operated at a proper rate of speed, and
under proper control.   There is nothing in the
evidence to indicate that the deceased knew that
the car was being operated at an excessive speed,
or that the car was not fully under control.

We cannot say that the failure to turn out prior
to that time constituted contributory negligence.
There is ample evidence to the effect that the car
was being operated at an excessive rate of speed,
and that it was not under such control as to be
stopped within a reasonable distance.   Even the
motorman, who admits seeing the automobile at 120

to 150 feet away, did not endeavor to stop; he considering that the automobile had ample time in which to turn out and avoid a collision. No attempt was made by him to slacken the speed of the car until within one car's length of the automobile. We therefore find that the trial court was not in error in refusing to grant the motion for a directed verdict for the defense at the close of all the evidence; nor can we say that the verdict is manifestly against the weight of the evidence.

It is further claimed that the court committed error in permitting the introduction of evidence as to the earning power of the deceased. The widow of deceased testified as to his earnings. She said he made about $10,000 per year, and that he was in good physical condition at the time of his death. On cross-examination, counsel endeavored to show that the amount that Mrs. Klinkenberg was testifying about was that earned in the business, where he employed a number of men. On motion of the plaintiff in error, all testimony as to the profits of the business was stricken out. The evidence as to earning power was not as clear as it might have been, but there was nothing to show that any part of this income was derived from money invested.

The court charged correctly on the measure of damage, and we consider that there was sufficient evidence, as shown by the record, to justify the jury in arriving at their verdict in fixing the loss sustained at the amount they did.

Finding no error in the record, prejudicial to

the plaintiff in error, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.