**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1518
_____

KEVIN A. RODRIQUEZ,
Appellant

v.

32ND LEGISLATURE OF THE VIRGIN ISLANDS;
SENATOR MYRON JACKSON

(D.C. No. 3-17-cv-0003)

JANELLE K. SARAUW; BRIGITTE BERRY

v.

KEVIN A. RODRIQUEZ; CAROLINE F. FAWKES;
VIRGIN ISLANDS JOINT BOARD OF ELECTIONS;
BOARD OF ELECTIONS ST. THOMAS & ST. JOHN;
CHRISTOPHER ALLEN KROBLIN;
32 LEGISLATURE OF THE VIRGIN ISLANDS

(D.C. No. 3-17-cv-00005)
_____

Appeal from the District Court of the Virgin Islands
(D.C. Nos. 3-17-cv-00003, 3-17-cv-00005)
District Judge: Hon. Curtis V. Gómez
_____

Argued May 4, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES,
Circuit Judges.

(Filed: June 9, 2017)


Francis E. Jackson, Jr.    [ARGUED]
1212 Bjerge Gade
P.O. Box 6591
St. Thomas, VI 00804
        *Counsel for Appellant*

Edward L. Barry
2120 Company Street
Christiansted, VI 00820

Terri L. Griffiths    [ARGUED]
P.O. Box 8647
St. Thomas, VI 00801
        *Counsel for Appellees Brigitte Berry and*
        *Janelle K. Sarauw*

Kye Walker    [ARGUED]
Suite 16AB 2nd Floor
2201 Church Street
Christiansted, VI 00820
    *Counsel for Appellee 32nd Legislature of the Virgin*
    *Islands and Senator Myron Jackson*

Ian S.A. Clement
Carol T. Jacobs
Ariel M. Smith-Francois
Pamela R. Tepper
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802
    *Counsel for Appellee Caroline F. Fawkes*

Julita K. de Leon
Virgin Islands Bar Association
5600 Royal Dane Mall
Suite 203, P.O. Box 953
St. Thomas, VI 00802
    *Counsel for Appellees St. Thomas & St. John Board of*
    *Elections*

_____

OPINION OF THE COURT
_____

SHWARTZ, <u>Circuit Judge</u>.

Kevin Rodriquez was elected to serve in the Virgin Islands Legislature. After his election, Janelle K. Sarauw and Brigitte Berry filed a lawsuit in the Virgin Islands Superior Court against Rodriquez, the Virgin Islands Joint Board of Elections, the Board of Elections of St. Thomas and St. John, and Caroline F. Fawkes (the "Board of Elections Defendants") challenging Rodriquez's qualifications to serve as a member of the Legislature (the "Removed Action"). Rodriquez removed that suit to federal court and filed his own action against the 32nd Legislature of the Virgin Islands and its president, Myron Jackson, essentially asking the District Court to rule that only the Legislature can decide who is qualified to serve in the Legislature (the "Federal Action"). Because a judicial determination about whether Rodriquez is qualified to serve as a member of the Virgin Islands 32nd Legislature would infringe on the separation of powers between the Virgin Islands legislative and judicial branches, the Federal Action is no longer justiciable. As to the Removed Action, Rodriquez does not having standing to appeal the District Court's order because he was a prevailing party, and we have no meaningful relief to grant him. We will therefore affirm the District Court's dismissal of the Federal Action and dismiss Rodriquez's appeal of the Removed Action.

I

On November 8, 2016, the Virgin Islands held an election to choose the seven senators to represent the District of St. Thomas-St. John in the Virgin Islands' 32nd Legislature. The seats were to be filled by the top seven vote-getters. Among the eighteen candidates running for the seats were Rodriquez, who placed sixth and won a seat in the Legislature, and Sarauw, who placed eighth and did not win a seat. The Board of Elections certified the election results on November 22, 2016.

After the election, Sarauw learned that on January 25, 2016, Rodriquez filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee in which he swore under penalty of perjury that he lived in Tennessee and had not lived in another state anytime during the preceding three years. As a result, on December 9, 2016, Sarauw and Berry, a volunteer for Sarauw's campaign, filed the Removed Action in the Superior Court of the Virgin Islands, alleging that Rodriquez was not qualified to serve in the Virgin Islands Legislature because he had not been a bona fide resident of the Virgin Islands for at least three years preceding the date of his election, as required by § 6(b) of the Revised Organic Act ("ROA"), 48 U.S.C. § 1572(b). The complaint sought, among other things, (1) a declaration that Rodriquez does not meet the residency eligibility requirement for Virgin Islands Legislators set forth in the ROA, and (2) preliminary and permanent injunctive relief compelling the Board of Elections to de-certify Rodriquez as a qualified candidate and preventing him from taking a seat in the 32nd Legislature.

On December 29, 2016, the Superior Court issued a preliminary injunction enjoining Rodriquez from taking the

5

oath of office and held that "[p]laintiffs [had] a reasonable probability of showing that Rodriquez is not a bona fide resident of the Virgin Islands for the three years preceding the November 2016 election." App. 457. On January 4, 2017, the Virgin Islands Supreme Court denied Rodriquez's petition to appeal the Superior Court's order.[1]

On the same day the Supreme Court ruled, the Superior Court held a merits hearing on Sarauw and Berry's request for a permanent injunction, found that the Virgin Islands was Rodriquez's domicile, vacated the preliminary injunction, and dismissed the case. Sarauw and Berry appealed the Superior Court's decision to the Virgin Islands Supreme Court.

On January 8, 2017, the Virgin Islands Supreme Court vacated the Superior Court's order and held that Rodriquez was "bound to his prior representations" to the Bankruptcy Court for the Middle District of Tennessee under the doctrine of judicial estoppel, and thus "cannot claim in this proceeding to have been a bona fide resident of the Virgin Islands." App. 540. The Supreme Court remanded the matter to the Superior Court to consider whether the trial court's jurisdiction to grant further relief evaporates upon the establishment of the 32nd Session of the Legislature because, under § 6(g) of the ROA, 48 U.S.C. § 1572(g), the Legislature is "the sole judge of the elections and qualifications of its members." To allow the Superior Court to decide this issue, the Supreme Court issued the following Order: "Kevin A. Rodriquez is ENJOINED

---

[1] In an opinion filed on the same day, the Virgin Islands Supreme Court characterized its ruling as an affirmance of the Superior Court's order.

6

from taking the oath of office for the 32nd Legislature, pending further order of this Court, so that the Superior Court may conduct the appropriate proceedings on remand." App. 543. On the morning of January 9—shortly before the Legislature's swearing-in ceremony—the Superior Court issued its own order enjoining Rodriquez from taking the oath of office. On the same day, the swearing-in ceremony was held for new senators, and the 32nd Legislature was convened. Rodriquez was not sworn in and has not taken a seat in the Legislature.

On January 10, 2017, Rodriquez removed Sarauw's lawsuit to the District Court of the Virgin Islands pursuant to 28 U.S.C. § 1441 and filed the Federal Action. In the Federal Action, Rodriquez essentially sought (1) a declaration that the Virgin Islands Legislature has sole authority to determine its members; (2) an order dissolving the Superior Court's preliminary injunction, as it violates the separation of powers; and (3) an injunction directing the 32nd Legislature to seat Rodriquez as a member. Thereafter, numerous motions were filed. Sarauw and Berry filed a motion to remand the Removed Action and to expedite proceedings, Rodriquez filed a motion for summary judgment and to expedite proceedings, and the 32nd Legislature and Jackson filed a motion to dismiss the Federal Action.

The District Court denied the motion to remand the Removed Action but thereafter dismissed it as moot. The Court held that: (1) Sarauw and Berry's request for a permanent injunction compelling Fawkes and the Board of Elections to decertify Rodriquez as a qualified candidate was moot because the election results had already been certified; and (2) Sarauw's request for a declaration that Rodriquez

7

does not meet the three-year residency requirement and is legally ineligible for membership in the 32nd Legislature was a moot "post-election challenge of the qualifications of a candidate for the Virgin Islands Legislature."[2]  App. 56.

The District Court also dismissed the Federal Action and ruled that: (1) Rodriquez was not entitled to an injunction directing the 32nd Legislature to seat him because an oath is a qualification for membership in the Virgin Islands Legislature and Rodriquez has not taken an oath and hence is not a "member" of the 32nd Legislature; (2) even if Rodriquez were a member of the 32nd Legislature, it would refrain from using its equitable powers "to command a coordinate, coequal branch of government to undertake a task—seating Rodriquez—that is entirely and exclusively within the 32nd Legislature's control," App. 43; and (3) Rodriquez was not entitled to a declaration concerning the validity of § 6(g) of the ROA—which states that the "legislature shall be the sole judge of the elections and qualifications of its members," 48 U.S.C. § 1572(g)—because it is inappropriate for a court to pronounce the validity of a statute where, as in this case, the statute's validity is not at issue.

---

[2] The District Court also denied Sarauw's request for an injunction barring Rodriquez from serving as a Senator under 5 V.I.C. § 80 because that statute entitles taxpayers to sue the government of the Virgin Islands or one of its officers or employees to prevent a violation of the law and is inapplicable to Rodriquez because he is not an officer or employee of the Government of the Virgin Islands.  This ruling was not appealed.

On the evening of February 7, 2017, after the District Court issued its opinion, the Governor of the Virgin Islands issued a proclamation calling for a special election to fill the vacancy in the 32nd Legislature of the Virgin Islands. We denied Rodriquez's motions to stay the election and to enjoin the Board of Elections from certifying the results. The Special Election was held on April 8, 2017, and the uncertified results reveal that Sarauw was the winner.

Rodriquez appealed the District Court's orders, and we granted the motion to consider his appeal on an expedited basis.

II

The District Court had jurisdiction over both matters under 28 U.S.C. § 1331 because the cases involve the application of the ROA, which is a federal statute Congress passed to provide a charter for the Virgin Islands government. Kendall v. Russell, 572 F.3d 126, 135 (3d Cir. 2009); Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). We have jurisdiction under 28 U.S.C. § 1291.[3] Because the District

---

[3] Section 6(g) does not deprive a court of subject matter jurisdiction. Rather, § 6(g) raises issues of justiciability based on separation of powers concerns similar to those under the political question doctrine. Brown v. Hansen, 973 F.2d 1118, 1121-22 (3d Cir. 1992) (considering the court's jurisdiction to review the Legislature's actions under § 6(g) and stating that justiciability doctrines such as the political question doctrine do not deprive a court of subject matter jurisdiction but rather "preclude[] courts from granting relief that would violate the separation of powers");

9

Court dismissed the actions based on justiciability doctrines, our review is plenary. United States v. Gov't of V.I., 363 F.3d 276, 284 (3d Cir. 2004); Brown v. Hansen, 973 F.2d 1118, 1121 (3d Cir. 1992).

## III

## A

### 1

This case centers on the question of who should determine Rodriquez's qualifications to serve in the 32nd Legislature of the Virgin Islands.[4]  Specifically at issue here

---

Mapp v. Lawaetz, 882 F.2d 49, 54 n.5 (3d Cir. 1989) (noting that § 6(g) raises justiciability issues and proceeding to rule, demonstrating that § 6(g) does not strip a court of jurisdiction); see also Powell v. McCormack, 395 U.S. 486, 512 (1969) (stating that the separation of powers doctrine does not divest a court of jurisdiction).  Once the Court satisfies itself that it has subject matter jurisdiction, it then considers whether the case is justiciable.  See Brown, 973 F.2d at 1121.  Only after it is satisfied that it has both subject matter jurisdiction and that the case presents a justiciable case or controversy under Article III of the U.S. Constitution may it turn to adjudicating the merits.  Larsen v. Senate of Commonwealth of Pa., 152 F.3d 240, 246 (3d Cir. 1998) (stating that resolving justiciability issues must precede a decision on the merits).

[4] On appeal, Rodriquez does not argue that he met the residency requirement or challenge the conclusion that he did not meet it.

is who should decide whether Rodriquez satisfied the qualification that he has been a "bona fide resident of the Virgin Islands for at least three years . . . preceding the date of his election." 48 U.S.C. § 1572(b).

To answer this question we must turn to the ROA—a federal law that operates as the territorial Constitution of the United States Virgin Islands, Kendall, 572 F.3d at 135. The ROA empowers two bodies—the Board of Elections and the Legislature—to evaluate the qualifications of the Legislature's candidates and members. See 48 U.S.C. § 1572(c), (g).

The ROA provides that the Board of Elections is "charged with the duty of directing the administration of the electoral system of the Virgin Islands." Id. § 1572(c). At the outset of the election process, the Board of Elections, a popularly elected and independent entity, is empowered to determine a candidate's qualifications. 18 V.I.C. § 411 (stating that the Board is authorized to "determine[] that a candidate for election or nomination does not meet the qualifications established by law for the office," and "disqualify such candidate[s]" from an election); Bryan v. Fawkes, 61 V.I. 201, 213-14 (2014) (stating that "the power to determine whether a candidate meets the minimum qualifications for office so as to appear on a general election ballot is clearly not exclusive to the legislature"). Once the election occurs, the Board of Elections has the power to certify the results. 18 V.I.C. § 4(b)(4). Between the certification of the election and the time the Legislature convenes, a court may review election challenges that may change the results of the election, which may occur, for example, if there has been a fraud. Bryan v.

11

Todman, 28 V.I. 42, 45 (V.I. Terr. Ct. 1992), aff'd, 1993 WL 13141075 (D.V.I. Oct. 29, 1993); see also Bryan, 61 V.I. at 215, 217, 218 & n.5 (discussing the court's role in reviewing election matters). After the Legislature convenes, however, the power to determine a winning candidate's eligibility to serve shifts to the Legislature. 48 U.S.C. § 1572(g) (stating that "[t]he legislature shall be the sole judge of the elections and qualifications of its members"); Bryan, 61 V.I. at 217.

2

The question before us is whether, once the Legislature convenes, a court has the power to decide whether an individual satisfies the qualifications to hold a seat in the Legislature. A court's power to review such matters is influenced by its obligation to respect the separation of powers among the branches of government. This is the foundation of the political question doctrine, which dictates that courts will not adjudicate political questions reserved for the executive or legislative branches. Powell v. McCormack, 395 U.S. 486, 518 (1969) ("It is well established that the federal courts will not adjudicate political questions."); Brown, 973 F.2d at 1121-22 (applying the political question doctrine to questions reserved for the Legislature of the Virgin Islands). While the political question doctrine generally applies only to the federal courts' review of questions reserved for the federal political branches and does not prevent the federal courts' review of cases regarding state or territorial political branches, Larsen, 152 F.3d at 246, the ROA divides the Virgin Islands government into legislative, executive, and judicial branches and thereby "implicitly incorporate[s] the principle of separation of powers into the law of the territory," Kendall, 572 F.3d at 135 (quoting Smith

12

v. Magras, 124 F.3d 457, 465 (3d Cir. 1997)). Because the ROA incorporates the principles of the separation of powers that animate the political question doctrine, we have applied the analysis embodied in the political question doctrine to requests to review actions of the Virgin Islands Legislature. See Brown, 973 F.2d at 1121-22; see also Mapp, 882 F.2d at 55 (stating that a court "should be wary" of interfering with the Virgin Islands Legislature's conduct of its own affairs); cf. Larsen, 152 F.3d at 246 (noting that the political question doctrine technically does not apply to questions regarding the Pennsylvania Legislature but proceeding to apply political question analysis to determine whether a court can review that legislature's impeachment of a state Supreme Court justice). Thus, while this matter does not raise a per se political question, political question case law nonetheless informs our analysis.

The United States Supreme Court has held that a nonjusticiable political question exists where there is "a textually demonstrable constitutional commitment of [an] issue to a coordinate political department." Baker v. Carr, 369 U.S. 186, 217 (1962); see also Brown, 973 F.2d at 1121-22 (applying Baker to determine whether an issue is a political question reserved for the Virgin Islands Legislature). As discussed above, the ROA, as the Virgin Islands Constitution, and specifically § 6(g), contain a "textually demonstrable constitutional commitment" of power to the Legislature to determine the qualifications of its members. This prevents courts from interfering with the Virgin Islands Legislature's determination of the qualifications of its members, including whether they meet the residency requirement of § 6(b). See Mapp, 882 F.2d at 54 ("[U]nder the [ROA], the legislature is the 'sole judge' of whether [a

13

member] met [the Act's] eligibility requirements."); see also Brown, 973 F.2d at 1124 ("Although courts may determine a legislature's compliance with external laws, here the external law itself, § 6(g) of the [ROA], commits the relevant issue to the discretion of the legislature."). Thus, under the plain language of § 6(g), once the 32nd Legislature convened, it alone had the authority to determine whether Rodriquez possessed the qualifications to be a member and was thereby entitled to take the oath and be seated.[5]

In sum, before the 32nd Legislature convened, the Board of Elections had the authority to review the qualifications of prospective members of the Legislature, and because it is not a part of the Legislature or any other branch of the Virgin Islands government, issues of separation of powers do not preclude a court from reviewing the Board of

---

[5] This is not to say that § 6(g) immunizes all of the Legislature's exclusion or expulsion decisions from judicial review, but a high bar must be met for a court to opine on such issues. See, e.g., Larsen, 152 F.3d at 248 (stating that the impeachment of a state judge is reserved for the state legislature but that due process challenges to the impeachment process may be justiciable under certain circumstances); Morgan v. United States, 801 F.2d 445, 451 (D.C. Cir. 1986) (concluding that, under the political question doctrine, the court may not decide the qualifications of members of Congress but not precluding judicial review of "all judicial challenges bearing any relationship to legislative resolution of disputed elections," such as where there is "a clear showing of such arbitrary and improvident use of the power as will constitute a denial of due process of law" (citation and internal quotation marks omitted)).

14

Elections' decisions concerning a candidate's qualifications. 18 V.I.C. § 412; Bryan, 61 V.I. at 213-14, 216; see also Baker, 369 U.S. at 210 (noting that the "nonjusticiability of a political question is primarily a function of the separation of powers"); Kendall, 572 F.3d at 135-36 (stating that the "separation of powers principle prohibits any branch of government from exercising powers that are reserved for the other branches, unless such an exercise is expressly provided or incidental to the powers that a branch necessarily has" (internal quotation marks omitted)).[6] But now that the 32nd Legislature has convened, only that body can determine the qualifications of its members and separation of powers principles require a court to decline weighing in on these issues. See 48 U.S.C. § 1572(g); Bryan, 61 V.I. at 216; see also Mapp, 882 F.2d at 54. We will therefore affirm the order dismissing the Federal Action. Only the 32nd Legislature may judge whether Rodriquez satisfies the requirements set forth in § 6(b), including the residency requirement, and is thereby qualified to serve as one of its members and whether to administer the oath and seat Rodriquez.

B

---

[6] The Virgin Islands Legislature is "not a continuing body" and is instead re-constituted with every election. See Bryan, 61 V.I. at 212-13. Thus, the 31st Legislature is distinct from the 32nd Legislature, so the 31st Legislature could not determine the qualifications of members of the 32nd Legislature, and the 32nd Legislature could not determine the qualifications of its members before that body convened. See id. at 213.

15

We will dismiss Rodriquez's appeal of the District Court's dismissal of the Removed Action. Under Article III of the Constitution, a federal court may "exercise . . . judicial power," Rendell v. Rumsfeld, 484 F.3d 236, 240 (3d Cir. 2007) (quoting Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 914 (3d Cir. 1987)), over "only actual, ongoing cases or controversies," Khodara Envtl., Inc. ex rel. Eagle Envtl. L.P. v. Beckman, 237 F.3d 186, 193 (3d Cir. 2001). The case-or-controversy requirement extends to all phases of federal judicial proceedings (including appellate review). As one of the prevailing parties, Rodriquez does not have standing to appeal the dismissal of a case filed against him because we have no further meaningful relief to grant him. Cf. Reschini v. First Fed. Sav. & Loan Ass'n of Ind., 46 F.3d 246, 249 (3d Cir. 1995). To the extent he is seeking the dissolution of the preliminary injunction enjoining him from taking the oath of office, that injunction was dissolved automatically when the District Court dismissed the Removed Action. After all, "[a] preliminary injunction cannot survive the dismissal of a complaint." Venezia v. Robinson, 16 F.3d 209, 211 (7th Cir. 1994); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2013). Accordingly, because we can no longer grant effective relief concerning the parties in the Removed Action, we will dismiss Rodriquez's appeal of the Removed Action for lack of standing.

IV

For the foregoing reasons, we will dismiss Rodriquez's appeal of the Removed Action, and we will affirm the District Court's order dismissing the Federal Action because it presents a request for court intervention where only the

16

Legislature can act. With this ruling, the 32nd Legislature should fulfill its statutory obligation to judge Rodriquez's qualifications for membership in the Legislature.