NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3490
_____

UNITED STATES OF AMERICA

v.

ALEXSANDR SOLONICHNYY,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-12-cr-00689-001)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2017
_____

Before:  SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*.

(Opinion filed: December 22, 2017)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alexsandr Solonichnyy appeals the District Court's final judgment of conviction. For the reasons below, we will affirm the judgment of conviction by the District Court.

## I.

Solonichnyy pled guilty to knowingly and willfully transporting firearms in violation of 18 U.S.C. § 922(n).

During Solonichnyy's Rule 11 hearing, the District Court instructed that

The essential elements of a violation of 18 United States Code Section 922 (n) are that the defendant knowingly and willfully transported the firearm in interstate commerce; [t]hat at the time the defendant transported the firearm, the defendant was under indictment for a crime punishable by a term of imprisonment exceeding one year, and the defendant acted knowingly and willfully.[1]

The District Court then asked Solonichnyy, "[d]o you understand the essential elements of the offense you are pleading guilty to,"[2] and he replied "yes."[3] Later, the Assistant United States Attorney asked Solonichnyy whether he "knowingly and willfully transport[ed] those rifles."[4] Solonichnyy again replied "yes."[5]

At the conclusion of the Rule 11 hearing, the District Court sentenced Solonichnyy to a two-year probation term.[6] Solonichnyy now appeals his conviction on the grounds that the District Court erred by not defining "willfully" during his plea colloquy.

## II.

---

[1] App. 56.
[2] App. 56.
[3] App. 57.
[4] App. 58
[5] App. 58.
[6] Sent'g Hr'g Tr. 21.

2

Even though Solonichnyy argues that "[t]his [C]ourt's review is plenary,"[7] it is clear that we review only for plain error because Solonichnyy did not object during the Rule 11 hearing.[8]  In order for us to grant relief under this standard, we must determine that there was an error affecting Solonichnyy's substantial rights.[9]  Relief may be granted only if the error is clear and only if it prejudiced Solonichnyy by affecting the outcome of the Rule 11 hearing.[10]

## III.

Solonichnyy first argues that his conviction should be vacated because the District Court failed to comply with Rule 11 in failing "to explain[ ] the required mens rea requirement under 18 U.S.C. §922(n)."[11]  The record does not support his claim.

Generally, a Rule 11 guilty plea is valid only if it is entered knowingly, voluntarily, and intelligently by the defendant.[12]  In *United States v. Cefaratti*, we noted that Rule 11 requires courts, before accepting a guilty plea, "to address the defendant personally in open court and inform, and determine if [s/he] understand[s] the nature of the charge to which the plea is offered . . . ."[13]  Rule 11 does not require courts to adhere to "a litany or other

---

[7] Appellant's Br. 5.
[8] *United States v. Vonn*, 535 U.S. 55, 58–59 (2002) (establishing that a defendant who lets a Rule 11 error pass without objection bears the burden of establishing plain error).
[9] *United States v. Jackson*, 849 F.3d 540, 544 (3d Cir. 2017) (quoting Fed. R. Crim. P. 52(b)) (internal quotation marks omitted).
[10] *Id.* at 544 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993) (internal quotation marks omitted)).
[11] Appellant's Br. 7.
[12] *Brady v. United States,* 397 U.S. 742, 748 (1970).
[13] 221 F.3d 502, 508 (3d Cir. 2000) (quoting Fed. R. Crim. P. 11(c)(2) (internal quotation marks omitted)).

ritual" when carrying out this responsibility.[14]  Thus, Rule 11 does not require courts to explain every legal nuance in a plea colloquy.  Rather, courts look to the totality of the circumstances to determine whether a defendant was informed of the nature of the charges against him, including whether the defendant was represented by counsel.[15]

Here, the District Court knew that defense counsel had represented Solonichnyy "from the beginning of the case."[16]  During the Rule 11 hearing, the District Court asked Solonichnyy if he "had enough time to talk to [defense counsel] about the case," and whether he had "any questions about the evidence [or] . . . anything at all, even regarding [his] defense."[17]  Solonichnyy asserted that he had no questions about the case or the evidence against him.[18]  Moreover, the District Court asked Solonichnyy if he "underst[ood] the essential elements of the offense [he plead] guilty to."[19]  Solonichnyy again answered "yes."[20]  Subsequently, the Assistant United States Attorney asked if Solonichnyy "knowingly and willfully transported those rifles," and Solonichnyy again responded in the affirmative.[21]  Neither Solonichnyy nor his defense counsel suggested that he did not understand the meaning of knowingly and willfully in the plea colloquy.

---

[14] *Id.* at 508 (citation omitted).
[15] *See* 221 F.3d at 508.
[16] App. 37.
[17] App. 37.
[18] App. 37.
[19] App. 56.
[20] App. 56.
[21] App. 58.

4

Accordingly, we are satisfied that the District Court's acceptance of Solonichnyy's plea comported with the mandates of Rule 11.

Second, Solonichnyy contends that the District Court failed to "establish a factual basis for [his] knowledge that he was violating the law when he traveled in interstate commerce."[22] In *Cefarrati* we recognized that "notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment . . . without making such inquiry as shall satisfy it that there is a factual basis for the plea."[23] However, we said that the District Court "need not be convinced beyond a reasonable doubt that an accused is guilty."[24] It need only be convinced that there is enough evidence to justify reaching that conclusion. In addition to his affirmations in the plea hearing, the District Court's judgment is supported by Solonichnyy's own admission that he should not have possessed the firearms in question.[25] Thus, we find no error in the District Court's judgment.

**IV.**

For the aforementioned reasons, we find there was no plain error, and we will affirm the judgment of conviction.[26]

---

[22] Appellant's Br. 8.

[23] 221 F.3d at 509 (quoting Fed. R. Crim. P. 11(f)).

[24] *Id.* (citation and internal quotation marks omitted) (discussing examples of the types of evidence that can be considered a part of "whatever means . . . appropriate in a specific case" to justify a factual basis for a defendant's plea).

[25] PSR ¶ 17.

[26] We reviewed Solonichnyy's Rule 28(j) submission of *Satterfield v. DA Phila.*; it does not affect our decision in this case. *Satterfield v. DA Phila.*, No. 15-2190, 2017 U.S. App. LEXIS 18537 (3d Cir. Mar. 27, 2017).