## NEGLIGENCE IN MAINTENANCE OF A DISTRICT CHILDRENS' HOME.

Court of Appeals for Columbiana County.

CRAWFORD V. COMMISSIONERS OF COLUMBIANA COUNTY ET AL.

Decided, March 28, 1913.

*Employee of District Childrens' Home—Injured Through Negligence of a Superior Servant—Liability of County Commissioners.*

1. Where a county or a district maintains a children' home, under the provisions of Sections 3077 and 3109 *et seq.*, General Code, the county commissioners in their capacity as board of managers thereof are liable in their official capacity for negligence in maintaining such institution, independent of the provisions of Section 2408.

2. Where an employee of an institution is injured by the negligence of a superior servant under circumstances which would ordinarily create a liability between employer and employee, such employee may maintain an action against the county commissioners in their official capacity for damages arising therefrom.

*K. L. Cobourn,* for plaintiff in error.
*William H. Vodrey,* contra.

METCALFE, J.; NORRIS, J., concurs; POLLOCK, J., concurs in a separate opinion.

The plaintiff here, Erma V. Crawford, was plaintiff below, and her action was brought against the several defendants to recover damages for injuries, which she claims to have sustained, by reason of the joint negligence of the defendants. She avers in her petition that the Fairmount Children's Home is a children's home formed under the statutes of Ohio, by the union of the counties of Columbiana and Stark into a joint district under the control of the joint board of commissioners of Stark and Columbiana counties, and a board of trustees, consisting of three members. She sets out certain alleged acts of the defendants by reason of which the injuries which she sustained were caused, and alleges that those acts were the negligent acts of the several defendants in maintaining said institution.

It is needless to recite the acts complained of, for the questions involved in the case, do not involve the question whether or not the acts themselves are such as would ordinarily sustain an action for negligence, but the question which arises in the case is, whether or not there is any liability on the part of the defendants, even though the acts set forth are negligent. The question arises on demurrer to the petition. In the court of common pleas the demurrer was sustained, and the plaintiff, not desiring to amend her petition, allowed judgment to be taken against her, and the petition dismissed. She then filed her petition in error here to reverse the judgment of the court of common pleas upon that demurrer.

The question here presented is one which we, at first blush, thought was decided by a number of cases in Ohio, but upon more mature consideration we have come to the conclusion that the question here involved is not settled by the adjudicated cases in this state. The question, in short, is whether or not an action for negligence can be maintained against the commissioners of a county, or against the joint board of commissioners of two or more counties, which have been formed into a district, for the purpose of maintaining under the law of Ohio, a children's home independent of the provisions of Section 2408, General Code.

The statutes under which this children's home is organized do not impose upon the county commissioners a duty to provide such homes except upon a vote of the people; that is to say, by the provision of the statutes the county commissioners may, of their own volition, submit the question to the people, whether or not a children's home may be provided, or they are required to submit the question if a petition is presented to them signed by a certain number of voters residing within the county, or the district, requesting a vote upon the proposition to maintain such a home. So that the question of maintaining a children's home is entirely a voluntary question. It is not a duty which is imposed, by law, upon all the counties of the state alike, but one which the people of any county may impose upon themselves if they so desire. When they have determined, by a vote taken in

pursuance of the statute, that they will maintain a children's home, then the duty of taking charge of that home is imposed upon the commissioners, and a board of trustees, to be appointed by the commissioners.

In the case of *Commissioners of Hamilton County* v. *Mighels*, 7 Ohio St., 109, it is held that the board of commissioners of a county are not liable, in their *quasi*-corporate capacity, either by statute or at common law, to an action for damages for injury resulting to a private party by their negligence in the discharge of their official functions, overruling the case of *Commissioners of Brown County* v. *Butt*, 2 Ohio St., 348, which held a contrary doctrine. So far as the general doctrine is concerned that the county commissioners of a county are not liable in their corporate capacity for injuries resulting from their negligence in the performance of the duties imposed upon them by law there has been no deviation from the holding in the Hamilton county case, but that case has been followed in a number of cases since then, and it is not only the law of this state but probably is the law of every state in the Union.

There is, however, another line of cases, none of which arise in this state, which makes a distinction between the liability of the commissioners for negligence in the performance of those duties which are imposed upon them by law, which are general in their application and apply to all of the commissioners of all the counties in the state alike, and those duties which arise in carrying out a policy or in the performance of a duty which has been voluntarily assumed by the people of the county, for particular purposes; but before we discuss that question perhaps we should discuss another question which arises in this case. It is insisted that in this state no action can be maintained against the commissioners either for negligence or for any other cause, unless there is a statutory provision authorizing such action; that is to say, that the commissioners can neither sue nor be sued, except as they are specially authorized by statute to do so.

We think, upon an examination of the law, that that objection is not tenable. By Section 2408, General Code, it is provided that the board of county commissioners may sue and be sued,

plead and be impleaded in any court of judicature, bring, maintain and defend all suits in law or in equity, involving an injury to any public, state or county road, bridge, ditch, drain or watercourse, established by such board in its county and for the prevention of injury thereto. It then provides that the board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in keeping any such road or ditch in repair, and in some other respects. It will be noticed that all the cases enumerated, in which the statute provides for the liability on the part of the commissioners for carelessness or negligence are cases where, by the common law, no such liability existed before the passage of the act, and we are asked to infer, by reason of the enumeration of particular instances in which the board of commissioners are authorized to bring suits, either at law or in equity, and of other instances where they are liable, that therefore there is no liability on the part of the board unless such liability is fixed by statute.

It is true that no suit, either at common law or equity, could be maintained against the state, as such, but the recently adopted constitutional amendment provides that the Legislature may authorize such suits; but it does not follow that a subdivision of the state may not maintain an action or may not be subject to a liability. It does not follow that, because the county commissioners, in their corporate capacity, are not liable for their negligent acts in certain instances, they may not be endowed with corporate capacity to sue and be sued in other instances where the law either permits or requires them to act.

In *Commissioners of Hamilton County* v. *Noyes*, 35 Ohio St., 201, in the first proposition in the syllabus it is held:

"1. The capacity of the county commissioners to sue is not limited to the cases enumerated in Section 7 of the 'Act establishing boards of county commissioners and prescribing their duties.' In the cases enumerated in Section 7 (which is the equivalent of Section 2408, General Code, they are not only authorized but required to sue.

"2. Where a cause of action in favor of the county arises out of a subject-matter within the control of the county commissioners, suit may be brought thereon in the name of the

board, unless, by statute, the suit is required to be brought in some other mode.''

In *Shanklin* v. *Commissioners of Madison County,* 21 Ohio St., 575, it is held that the commissioners might maintain an action upon a certificate of deposit, issued by a bank, where such certificate had been turned over to the county by an officer in settlement of an alleged embezzlement of which he had been guilty.

*Ketter* v. *Commissioners of Scioto County,* 8 C.C. (N.S.), 73; *Hassenzahl* v. *Bevins,* 2 C.C. (N.S.), 496, and *Jones* v. *Commissioners of Lucas County,* 57 Ohio St., 189, are cases which fully recognize the right of the county commissioners to sue or be sued independent of the provisions of Section 2408, General Code, in causes of action arising upon matters which are within the control of the county commissioners, so that we think that the right of the county commissioners, either to sue or be sued, is not entirely dependent upon the statute, and is not limited to the cases enumerated in the statutes, but that actions may be maintained against them the same as against any body corporate in cases where the acts out of which the liability arises are within the scope of their powers.

It may be that we have stated this proposition a little too broadly, but we are satisfied that the right to maintain an action against the commissioners is not limited to the cases enumerated in the statute.

Now, as to the question whether or not a liability arises in this case. The organization of this children's home was entirely a voluntary act on the part of the people of the counties of Stark and Columbiana. It was not a duty which was imposed upon them by statute. A right to organize such a home was created by statute, or, at least, was provided for by statute, but the people were under no legal obligation whatever to cause to be erected and maintained such a home. So that it was purely a voluntary act on their part, one which they could accept or reject at pleasure. If the majority of the people voted to maintain it, then it became the duty of the county commissioners to provide the lands and buildings necessary for its proper mainte-

nance. Otherwise there was no duty whatever imposed upon the commissioners in respect to the children's home. We think the law recognizes a distinction between those cases where a duty is imposed by law upon the commissioners or the people of the county, which is general in its application throughout the state, and rests upon all counties alike, and those cases where the duty is self-imposed, and this distinction is quite clearly stated in the case of *Bigelow* v. *Randolph,* 80 Mass. (14 Gray, 541), in the opinion of the court. In that case it was held that no liability rested upon the board of county commissioners for the acts which were charged in the petition of the plaintiff, but in discussing the question the judge delivering the opinion of the court uses this language:

"This rule of law, however, is of limited application. It is applied, in case of towns, only to the neglect or omission of a town, to perform those duties which are imposed on all towns, without their corporate assent, and exclusively for public purposes; and not to the neglect of those obligations which a town incurs, when a special duty is imposed on it, with its consent, express or implied, or a special authority is conferred on it, at its request. In the latter cases, a town is subject to the same liabilities, for the neglect of those special duties, to which private corporations would be, if the same duties were imposed or the same authority were conferred on them—including their liability for the wrongful neglect as well as the wrongful acts of their officers and agents."

In the case of *Hannon* v. *St. Louis County,* 62 Mo., 313, the syllabus is as follows:

"The rule that counties, being political subdivisions of the state, are not liable for the laches or misconduct of their servants, has no application to a neglect of those obligations incurred by counties when special duties are imposed upon them. Thus, where the county of St. Louis made a contract for laying water-pipe to the county insane asylum, the work being done under the supervision of the county engineer, and, while a trench was being dug in the grounds of the asylum, it caved in and killed one of the workmen, it was held that the duty in which the county was engaged was not one imposed by general law upon all counties, but a self-imposed one."

And it is held that the county was liable in this instance.

In the case of *Coburn* v. *San Mateo County*, 75 Fed. Rep., 521, it is held:

"A county is liable for trespasses or damage done to private property by its officers, in the exercise of powers conferred for the benefit of the locality and its inhabitants, such as those relating to the opening and keeping open of roads, as distinguished from powers relating to the administration of the general laws and the enforcement of the general policy of the state."

Very likely this decision would not apply in Ohio as to a liability for negligence in respect to a road. We cite it only, however, to illustrate the principle upon which these cases go, that where the duty which the county commissioners are performing is self-imposed, one which has been voluntarily assumed by the people of the county and not one which has been imposed by general law, a liability exists for negligence.

Again, in the case of *Rowland* v. *Kalamazoo County*, 49 Mich., 553, it is held:

"In clearing up the poor-farm, the superintendents could not, nor could those in their employ, with impunity, negligently set fires, or carelessly permit them to extend to and destroy the property of their neighbors, nor could they permit the farm stock to trespass upon the lands of adjoining proprietors and claim exemption from all liability therefor."

And in this case the distinction which I have attempted to make is clearly drawn.

In 7 Am. & Eng. Enc. Law (2d Ed.), 953, the rule is thus stated:

"The prevailing rule that a private action can not be maintained against a county for neglect of corporate duty, unless the action be given by statute, has been held to be of limited application. Thus the rule has been held to apply to the neglect or omission of a county to perform those duties which are imposed on all counties without their corporate assent, and not to the neglect of those obligations which a county incurs when a special duty is imposed on it with its consent, express or implied, or a special authority is conferred on it at its request. In the latter case the county is subject to the same liabilities as private corporations for the neglect of those special duties."

The cases quoted above are cited in the note, and there are also a number of other cases which hold clearly the same doctrine.

So we have come to the conclusion in this case that there is a distinction between the case at bar and the case of *Commissioners of Hamilton County* v. *Noyes, supra,* and those cases which follow the doctrine there laid down; that in this case the duty which the commissioners were performing was a self-imposed duty, one which the citizens of the counties of Stark and Columbiana had voluntarily assumed, and that in the performance of the duties thus imposed a liability exists for the negligent acts of the persons performing those duties.

So we think that it was error for the court of common pleas to sustain the demurrer to the petition in this case, and the judgment of the court of common pleas is reversed.

Judgment reversed.

POLLOCK, J., concurring.

I do not dissent in this case, but I reached the conclusion somewhat differently from my brother. Perhaps I should state my views.

I do not think that when a children's home is established by the county the county is performing that duty in any different way from any other duty imposed on a county by statutes. Long before the act establishing a children's home it was the county's duty to take care of its indigent children, and they were taken care of in the infirmaries of the county. A sentiment grew up that the latter were not proper places for the rearing of children, and the Legislature then passed this act authorizing the establishment of children's homes but not making it a requirement on the county until the electors had voted in favor thereof. After the home was authorized a duty was imposed upon the county, just as any other duty is imposed upon it.

So that I think the liability of the county in the management of a children's home is just the same as liability for any other act the statute imposes upon it. In the examination of the authorities I think you will find two clear and distinct lines.

One exempts the county from liability for the negligence of its agents and servants, and if it is the political division of the state known as the county that is being sued in tort for the negligence of its agents, the suit can not be maintained.

The other line holds that the distinction is in the acts which the counties are engaged in; if the act is simply a governmental one they can not be held liable; but if they have exceeded that and gone into the transaction of business the same as private corporations are individuals, they then can be made liable or held liable for the acts of their agents and servants.

Up to the present time I think the policy of the courts of this state has been to adopt the former. But I believe the latter is more in keeping with justice and right, and for that reason I do not dissent.