

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# USA v. Gomez-Fonseca

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gomez-Fonseca" (2006). *2006 Decisions.* Paper 1382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos: 05-2278/2302

UNITED STATES OF AMERICA

v.

JUAN MANUEL GOMEZ-FONSECA,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 04-cr-00197-1)
District Judge: Hon. Sylvia H. Rambo

Submitted pursuant to Third Circuit LAR 34.1(a)
February 2, 2006

Before: McKEE, SMITH and VAN ANTWERPEN,
Circuit Judges

(Filed: March 27, 2006)

OPINION

McKEE, Circuit Judge.

Juan Manual Gomez-Fonseca appeals the sentence he received after pleading

guilty to one count of illegal reentry into the United States after deportation following

conviction for an aggravated felony. For the reasons that follow, we will affirm.

**I.**

Inasmuch as we write primarily for the parties we need not recite the factual or procedural background of this appeal except insofar as may be helpful to our brief discussion.

At sentencing, Gomez-Fonseca argued that the 16-level increase in his offense level that was calculated in the PSR was not warranted because he had never been convicted of a crime of violence. He also objected to the denial of acceptance of responsibility in the PSR, and he argued that he should be awarded a downward departure because his criminal history level over-represented the seriousness of his crimes.

The district court found that the 16-level increase was warranted because his previous conviction had been for a crime of violence. After hearing argument from his attorney, the district court awarded a three-level reduction for acceptance of responsibility. However, the court found that Gomez-Fonseca's criminal history category did not over-represent the seriousness of his crimes, and the court therefore adopted the PSR's calculation of his criminal history score. The recommended sentencing range was 77 to 96 months, and the court imposed a sentence of 77 months explaining that the sentence was "reasonable in view of the considerations expressed in 18 U.S.C. § 3553(a)." [1] App. 59.

---

[1]Gomez-Fonseca was sentenced approximately four months after the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), which held that the federal sentencing guidelines are advisory. 125 S.Ct. at 764-65. After *Booker*, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767. As before

(continued...)

2

Prior to sentencing on the charge of illegal reentry, the Middle District of Pennsylvania accepted a transfer of Gomez-Fonseca's supervised release from the Eastern District of Washington. A petition requesting revocation of supervised release had been filed because Gomez-Fonseca's return to the United States violated the conditions of his release. Because Gomez-Fonseca and his counsel were not prepared for a hearing on the date of sentencing, a revocation hearing was held on April 21, 2005.

At the revocation hearing, Gomez-Fonseca argued that the 77-month prison sentence imposed the prior week already punished him for illegally reentering the United States because his illegal reentry violated his supervised release. During the revocation hearing, counsel noted that the applicable revocation guideline range was 12 to 18 months, and contended that imposing an additional sentence would be unlawful.

The district court found that Gomez-Fonseca had violated the conditions of his supervised release. In imposing sentence, the district court noted that it considered both the relevant policy statement in the guidelines and the factors set forth in 18 U.S.C. § 3553(a). The district court also noted that Gomez-Fonseca had illegally returned to the United States only 8 months after being deported, and he had received an additional conviction since his return. The district court considered the sentence already imposed for the illegal reentry, and the time Gomez-Fonseca had spent in prison for his new

[1](...continued)
*Booker*, district courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a). *Id.* at 764-65.

conviction. The court then imposed an additional six months imprisonment. The court explained that that sentence was necessary to protect the community, deter others and promote respect for the law. The sentence was below the advisory guideline range.

Thereafter, Gomez-Fonseca appealed both sentences.

## II.

We consider each of Gomez-Fonseca's four arguments separately.

### A. The 1995 conviction was a crime of violence.

Gomez-Fonseca argues that his 1995 conviction for false imprisonment with the use of a knife was not a "crime of violence" because no one was injured during the commission of the crime. Accordingly, he claims that the district court erred by applying a 16-level increase for being a previously deported alien convicted of a crime of violence.[2] The claim warrants little discussion.

Application Note 1(B)(iii) of U.S.S.G. § 2L1.2 indicates that a "crime of violence" can be "any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

In evaluating a prior conviction when imposing a sentence, the district court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was

---

[2]Whether an offense is a "crime of violence" is a legal determination. *United States v. Trala*, 386 F.3d 536, 547 (3d Cir. 2004). Therefore, our review of the district court's holding is plenary. *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998).

confirmed by the defendant, or to some other comparable judicial record of this information." *United States v. Shepard*, __ U.S. __, 125 S.Ct. 1254, 1263 (2005).

Gomez-Fonseca's California conviction encompassed two statutes – Cal. Penal Code § 236, False Imprisonment, and Cal. Penal Code § 12022(b), Use of Deadly or Dangerous Weapon. Using a deadly or dangerous weapon to falsely imprison someone obviously fits into the category of a "crime of violence" because it involves a substantial risk of physical force. Therefore, the 16-level increase in the criminal offense level was appropriate, and arguing the contrary approaches frivolity.

## B. The district court's interpretation of the guidelines.

Gomez-Fonseca argues that the district court abused its discretion by following the guidelines as if they were mandatory. We disagree that a sentence that coincides with the applicable guideline range somehow morphs the guidelines back into a mandatory sentencing scheme. Under the post-*Booker* sentencing framework, district courts consider the applicable advisory guidelines range in addition to the factors set forth in 18 U.S.C. § 3553(a). 125 S.Ct. at 764-765. We review the sentences for unreasonableness. *Id.* at 765.

Here, it is abundantly clear that the district court was well aware that the guidelines were only advisory and that it considered all of the factors under § 3553(a) in imposing the sentence of 77 months. At the sentencing hearing, after considering the various arguments about what sentence would be appropriate, the district court stated, "the [c]ourt finds [] the sentence of 77 months to be reasonable in view of the

5

considerations expressed in 18 U.S.C. § 3553(a)." App. 59. The district court recognized that Gomez-Fonseca was a repeat offender who "did not seem to be deterred by prior deportations." *Id.* at 44. The court considered, and ultimately rejected, the argument that the criminal history level exaggerated the seriousness of his prior convictions.

Given this record, the sentence of 77 months was reasonable. It was at the low-end of the advisory guideline range. Although the court was not confined to that range, it was not obligated to venture outside of it as Gomez-Fonseca's argument suggests.

## C. The district court's denial of a downward departure.

In a related argument, Gomez-Fonseca contends that the district court erred by not granting him a downward departure because his criminal history level over-represented the seriousness of his past crimes. Pre-*Booker*, we had no jurisdiction to review a district court's discretionary refusal to depart downward. *See, e.g., United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989). We recently held that the Supreme Court's decision in *Booker* "does not compel us to reverse this precedent." *United States v. Cooper*, 437 F.3d 324, 333 (3d Cir. 2006).

Here, it is clear that the district court was well aware that it had the authority to depart downward. It did not choose to do so.

## D. The separate sentence for violating supervised release.

Gomez-Fonseca argues that the additional sentence of six months for the supervised release violation punished him twice for the same offense. That argument ignores that his illegal reentry was a new criminal conviction and also violated the

6

previously imposed term of supervised release.  It would be a novel principle of law that precluded a court from sentencing a recidivist for a new crime as well as for the violation of any probation, parole, or supervised release that the criminal conduct may have violated.

### III. Conclusion.

For all of the above reasons, we will affirm the judgment of sentence.