NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 10-2394
———

UNITED STATES OF AMERICA

v.

JOSE CRUZ-ALEMAN,
a/k/a Jose Conrad,
a/k/a Jose Armando Cruz,
a/k/a El Tigre

JOSE CRUZ-ALEMAN,
                                    Appellant
———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 09-cr-00761-1)
District Judge: Honorable Paul S. Diamond
———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 21, 2011

Before: FUENTES, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: April 1, 2011)
———

OPINION OF THE COURT
———

VAN ANTWERPEN, *Circuit Judge*.

1

Jose Cruz-Aleman pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326, and the District Court sentenced him to 60 months' imprisonment. Cruz-Aleman appeals his sentence, arguing that the District Court committed procedural error by not considering a variance argument based on a pending – but not yet effective – Guidelines amendment. For the reasons that follow, we will affirm the District Court's sentence.

**I.**

Because we write only for the parties, we include only those facts necessary to our analysis. Cruz-Aleman is a native and citizen of El Salvador. In October, 2007, Cruz-Aleman pleaded guilty to first-degree assault in Maryland and was deported. On July 1, 2009, police arrested Cruz-Aleman in Philadelphia. On December 3, 2009, a federal grand jury returned an indictment charging Cruz-Aleman with one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326.

On January 20, 2010, Cruz-Aleman pleaded guilty to the indictment. The Probation Department prepared a pre-sentence report which set Cruz-Aleman's base offense level at 8, added 16 levels for his prior 2007 assault conviction under U.S.S.G. § 2L1.2(b)(1)(A)(ii), and subtracted 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of 21. The pre-sentence report set Cruz-Aleman's criminal history category at IV because he had accumulated 7 criminal history points: 3 points for the prior 2007 assault conviction under U.S.S.G. § 4A1.1(a), 2 points for a 2003 assault conviction under U.S.S.G. § 4A1.1(b), and 2 final points under U.S.S.G. § 4A1.1(e) because Cruz-Aleman's conviction in this case occurred less than two years following his release from prison on the 2007 assault conviction. Offense level

2

21 at criminal history category IV resulted in an advisory Guidelines range of 57 to 71 months. A sentencing hearing was scheduled for May 3, 2010.

Prior to the hearing, both Cruz-Aleman and the Government submitted sentencing memoranda. In his memorandum, Cruz-Aleman first objected to the pre-sentence report's 16-level enhancement based on his 2007 Maryland assault conviction. Cruz-Aleman claimed this conviction was the result of a constitutionally flawed guilty plea proceeding and could not be used to enhance his sentence. Additionally, Cruz-Aleman argued for a downward variance, contending that: (1) his personal history and characteristics weighed in favor of a lower sentence; (2) an illegal reentry offense did not require a lengthy sentence; (3) he was innocent of any prior crimes; (4) he committed the illegal reentry offense to have a better life; (5) the 16-level enhancement was unnecessarily severe and resulted in "double-counting"; (6) the 2007 assault was an act of self-defense; and (7) his prior conviction was not proven to a jury beyond a reasonable doubt.

Finally, Cruz-Aleman argued in his sentencing memorandum that the District Court "should consider a downward variance based on the U.S. Sentencing Commission's recent decision to amend the Guidelines by deleting U.S.S.G. § 4A1.1(e)."[1] App. 60-61. This Guideline added "recency points" to a defendant's criminal history category "if the defendant committed the instant offense less than two

---

[1] U.S.S.G. § 4A1.1(e) (2009) provided, in relevant part: "(e) Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) . . . ." The amendment passed without Congressional action and is reflected in the 2010 Guidelines. *See* U.S.S.G. § 4A1.1 (2010).

3

years after release from imprisonment . . . ." U.S.S.G. § 4A1.1(e) (2009). The proposed

Guidelines amendment eliminated "recency points." *Sentencing Guidelines for United*

*States Courts*, 75 Fed. Reg. 27,388, 27,393 (May 14, 2010). The Sentencing

Commission submitted the amendment on April 29, 2010, prior to Cruz-Aleman's May 3,

2010 sentencing hearing. *Id*. at 27,388. Due to a mandatory waiting period during which

Congress could overrule the amendment, the amendment would not take effect until

November 1, 2010. *Id*.; *see* 28 U.S.C. § 994(p). Cruz-Aleman asked the District Court to

consider applying the amendment prospectively, thereby reducing his criminal history

category from IV to III.

At the May 3, 2010 sentencing hearing, the District Court stated on the record that

it had received the pre-sentence investigation report and sentencing memoranda from

Cruz-Aleman and the Government. The District Court then asked both parties whether

they had submitted or wanted to submit additional materials, and both parties declined.

Finally, at the District Court's request, defense counsel and a Spanish-speaking

interpreter reviewed the pre-sentence report with Cruz-Aleman. App. 83.

The District Court denied Cruz-Aleman's objection to the 16-level enhancement

for a prior conviction, calculated the advisory Guidelines range at 57 to 71 months, and

then heard arguments on "why this court should vary below the advisory guideline

range," App. 92. Cruz-Aleman's counsel argued for a downward variance based on: (1)

Cruz-Aleman's personal history and lack of education; (2) the "back story" of Cruz-

Aleman's prior convictions; (3) the "double-counting" resulting from the 16-level

enhancement; and (4) sentencing disparities resulting from the lack of a "fast track"

4

program in the Eastern District of Pennsylvania. Cruz-Aleman's counsel also addressed arguments raised in the Government's sentencing memorandum. Finally, Cruz-Aleman's counsel concluded, "And, Your Honor, if I've missed anything that I set forward in my sentencing memorandum, I would incorporate everything that is in there." App. 98. The District Court responded, "Very well." App. 98.

Notably, although Cruz-Aleman raised the argument for a variance based on the pending "recency points" amendment in his sentencing memorandum, Cruz-Aleman's counsel did not explicitly mention this argument at the sentencing hearing.

After the Government responded, the District Court explained the sentence it intended to impose. The District Court stated that it had considered the advisory Guidelines range, as well as the "nature and circumstances of the offense and the defendant's history and characteristics." App. 101. The District Court specifically discussed Cruz-Aleman's prior convictions, lack of employment, lack of education, and family circumstances. The District Court also addressed the need to avoid sentencing disparities, the lack of a "fast track" program in the Eastern District of Pennsylvania, and the need to provide restitution to victims. Finally, the District Court stated, "I have also considered the other arguments made by [Cruz-Aleman's counsel] respecting her request for a downward variance." App. 104.

After stating the reasons for the proposed sentence, but before imposing sentence, the District Court asked if either party knew of "any legal reason" why the proposed sentence could not be imposed. App. 105. Cruz-Aleman's counsel responded, "Your Honor, I don't. I'd be reiterating the variance arguments from before." App. 105. The

5

District Court then sentenced Cruz-Aleman to 60 months' imprisonment, near the low end of the 57 to 71 month Guidelines range.

On May 12, 2010, Cruz-Aleman timely appealed.

## II.

We have jurisdiction to review the sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the procedural reasonableness of the sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

## III.

On appeal, Cruz-Aleman argues that the District Court committed procedural error by failing to consider his request to apply the pending "recency points" amendment that had been approved by the Sentencing Commission but had not yet taken effect. We reject this argument because the record shows that the District Court did consider Cruz-Aleman's request for a variance on this ground.

A sentence must be both procedurally and substantively reasonable, and we must first "ensure that the district court committed no 'significant procedural error.'" *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (citation omitted). In *United States v. Gunter*, we instructed district courts to follow a three-step sentencing process. 462 F.3d 237, 247 (3d Cir. 2006). To be "procedurally reasonable," the District Court must: (1) calculate the correct Guidelines range; (2) rule on departure motions; and (3) exercise its discretion by considering the relevant § 3553(a) factors. *See id.*

Cruz-Aleman's appeal centers on the third step of this process. We have said that to comply with step three, a district court must give "meaningful consideration" to the § 3553(a) factors. *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). However, a district court "need not discuss every argument made by a litigant if an argument is clearly without merit." *Cooper*, 437 F.3d at 329. After arriving at its proposed sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review." *Gall*, 552 U.S. at 50.

Here, the District Court complied with the three-step procedure set forth in *Gunter* and gave "meaningful consideration" to Cruz-Aleman's variance arguments. First, after overruling Cruz-Aleman's objection to the pre-sentence report's 16 level enhancement for the 2007 conviction,[2] the District Court calculated the Guidelines range at 57 to 71 months. There were no departure motions made at the second step of the process. At step three, the District Court gave Cruz-Aleman the opportunity to argue for a variance based on the § 3553(a) factors. In her argument, Cruz-Aleman's counsel raised a plenitude of grounds for variance, but did not explicitly mention the pending "recency points" amendment. Cruz-Aleman's counsel did ask the District Court to "incorporate" everything set forth in her sentencing memorandum, and the District Court acceded to this request. App. 98.

---

[2] Cruz-Aleman does not appeal the District Court's application of the 16-level enhancement.

7

After hearing argument from the Government, the District Court thoroughly discussed the § 3553(a) factors and the arguments Cruz-Aleman's counsel had raised at the sentencing hearing. While the District Court did not explicitly address the pending "recency points" amendment, the District Court clearly stated: "I have also considered the other arguments made by [Cruz-Aleman's counsel] respecting her request for a downward variance." App. 104.

The District Court's failure to explicitly address the "recency points" amendment was not procedural error.[3] In *Rita v. United States*, the Supreme Court noted that "sometimes a judicial opinion responds to every argument; sometimes it does not . . . ." 551 U.S. 338, 356 (2007). There, the Court ultimately held that "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal authority." *Id*.; *see Cooper*, 437 F.3d at 332 ("There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record.").

---

[3] In *United States v. Merced*, we concluded that a sentence was procedurally unreasonable where the district court failed to adequately explain how its sentence avoided unwarranted sentencing disparities in violation of 18 U.S.C. § 3553(a)(6). 603 F.3d 203 (3d Cir. 2010). Here, Cruz-Aleman argues that the District Court procedurally erred by failing to adequately explain its refusal to apply the pending "recency points" amendment in violation of 18 U.S.C. § 3553(a)(5), which requires a district court to consider "any pertinent policy statement (A) issued by the Sentencing Commission . . . ." But, as subsection (B) makes clear, this statute applies *only* to policy statements "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5)(B).

Here, the District Court considered the parties' sentencing memoranda and oral arguments, analyzed the § 3553(a) factors, and responded to arguments made by Cruz-Aleman's counsel at the sentencing hearing. Most importantly, while the District Court did not explicitly address the "recency points" argument, the District Court "considered the other arguments made by [Cruz-Aleman's counsel] respecting her request for a downward variance." App. 104. This statement, coupled with the District Court's thorough review of Cruz-Aleman's other variance arguments and the § 3553(a) factors, demonstrates that the District Court gave Cruz-Aleman's sentence "meaningful consideration."

Cruz-Aleman relies on *United States v. Ausburn*, in which we stated: "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." 502 F.3d 313, 329 (3d Cir. 2007). This reliance is misplaced. The District Court adequately responded to Cruz-Aleman's properly presented "recency points" argument when it said that it had "considered the other arguments made by [Cruz-Aleman's] counsel . . . ." App. 104.

Additionally, even Cruz-Aleman concedes that the District Court was not *required* to apply a pending – but not yet effective – sentencing amendment. Appellant's Br. 16 ("The sentence is procedurally unreasonable because the district court failed to consider Mr. Cruz-Aleman's request that the court *exercise its discretion* [to apply the pending amendment].") (emphasis added). Indeed, Cruz-Aleman merely *requested* that the District Court apply the pending amendment. Cruz-Aleman's sentencing memorandum states: "The Court *should also consider* a downward variance based on the U.S.

9

Sentencing Commission's recent decision to amend the Guidelines by deleting U.S.S.G. § 4A1.1(e)." App. 60 (emphasis added). The record indicates that the District Court did just what Cruz-Aleman asked: it *considered* the "recency points" argument. *See* App. 104.

Finally, the District Court sentenced Cruz-Aleman to 60 months' incarceration, near the bottom of the advisory Guidelines range of 57 to 71 months. When a district court's sentence falls within a properly-calculated Guidelines range, it will be upheld even with a "less extensive" explanation. *See United States v. Levinson*, 543 F.3d 190, 197 (3d Cir. 2008). The District Court's explanation here was sufficient.

In conclusion, the record indicates that Cruz-Aleman asked the District Court to consider applying the "recency points" Guidelines amendment prospectively. The District Court considered this request but declined to act upon it. The District Court gave meaningful consideration to Cruz-Aleman's arguments and did not commit procedural error.[4]

## IV.

For the reasons set forth, we will affirm the District Court's sentence.

---

[4] Cruz-Aleman also argues that his Fifth and Sixth Amendment rights under the United States Constitution were violated when his maximum sentence was increased based on a prior conviction that was "neither charged in the indictment nor proved to a jury beyond a reasonable doubt." Appellant's Br. 24. Cruz-Aleman concedes that the Supreme Court rejected this argument in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). This Court has also rejected such an argument in *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005), and *United States v. Coleman*, 451 F.3d 154, 159-60 (3d Cir. 2006), and we do so here as well.